MOSES *vs.* EAST TENNESSEE, VIRGINIA AND GEORGIA RAILROAD.

1. Where, upon the sale of a round trip ticket with coupons attached for passage over two roads, a special contract was made to the effect that the passenger should sign his name in Jacksonville, Florida (the terminal point of the trip), before the agent there, before he could return on the ticket, such special contract controlled; and if the passenger failed to sign as agreed, the company had the right to eject him. This being done politely by the conductor, the passenger was not entitled to damages.

2. The ticket being for the purpose of passing him over two roads, each had the right to stand on the contract; and if one passed him, the other was not bound thereby to pass him also, in the teeth of the special contract.

3. The fact that the conductor of the contracting road, upon the re-

Moses *vs.* East Tennessee, Virginia and Georgia Railroad.

turn of the passenger, detached the last coupon before refusing and returning it and the ticket to the passenger, did not affect the action brought by the latter for being ejected. With or without the coupon, he was not entitled to travel over the road on the ticket, against his contract.

4. The evidence required the verdict.

October 21, 1884.

Railroads. Damages. Contracts. Before Judge Simmons. Bibb Superior Court. April Term, 1884.

Frank H. Moses brought his action for damages against the East Tennessee, Virginia and Georgia Railroad, alleging that he had been wrongfully ejected from its train. On the trial, the evidence of the plaintiff was, in brief, as follows : In March, 1882, he saw an advertisement of ex · cursion tickets from Macon, Georgia, to Jacksonville, Florida, and return, at very low rates. It said nothing about stamping the tickets. He went to the ticket office and asked if he had time to purchase a ticket before the train left. The agent replied that he had, but would have to hurry. The agent then filled out a ticket for plaintiff to sign, which the latter did without reading the contents. He reached the train just in time, and it moved away before he took his seat. He used the ticket on the trip to Jacksonville, was absent seventeen days, and started to return to Macon. There were two railroads between the terminal points. The conductor on the first train accepted the ticket and detached the coupon proper to his road. The conductor on the defendant's road took the ticket, punched and detached the coupon, and then looking at the back of it, told the plaintiff that he could not receive it for passage, on the ground that the fifth condition of the contract contained in the ticket required the plaintiff to get the stamp of the agent at Jacksonville. Plaintiff refused to pay any other fare, telling the conductor that he had never read the ticket, did not believe it was a valid contract, had not had time to read it when he purchased it, and had not since read it. He also stated that he was

the original purchaser of the ticket. The conductor replied, that under the contract, the ticket was not good, and that he would have to eject plaintiff unless fare was paid. Plaintiff told him to attend to the other passengers, and he would think about the matter. When the conductor, returned, plaintiff refused to pay any fare. The conductor informed him that other passengers who were in like situation had paid their fare. Plaintiff still refusing to pay, the conductor telegraphed to the passenger agent at Macon for instructions, and receiving an answer that the ticket was not good, he communicated the fact to plaintiff. The latter insisted that he was the original purchaser, stated that he did not know any one on the train, but offered to place $100.00 in the hands of the conductor, to be held by him until they reached Macon, when the plaintiff could identify himself, and upon doing so, the money should be returned, or if he failed, his fare could be deducted therefrom. The conductor still refused, saying that the ticket was not good for passage, and again demanded fare. The conductor then directed plaintiff to leave the train, which the latter refused to do. The conductor inquired if he proposed to make any resistance to being put off, to which the plaintiff replied that he supposed that the conductor had sufficient force on the train to put him off, and that it would be useless to resist. The conductor then took him by the shoulder, and he walked out of the car and stepped to the ground. He was left there until the next train for Macon, which was some twelve hours thereafter. Boarding this, he again tendered the ticket with the coupon, as returned to him ; it was again refused, and he paid his fare to Macon under protest, taking the conductor's receipt therefor.

The conductor denied having caught hold of the plaintiff, and testified that the latter said that he did not have the ticket stamped in Jacksonville because he did not have time ; also that he had treated plaintiff with the utmost courtesy. The ticket agent at Macon testified that he had

informed the plaintiff that it was necessary to have the ticket stamped at Jacksoville and to sign his name on the back of it in the blank.    On cross-examination, this witness said that he would not know the plaintiff if he should see him, and did not remember specifically what conversation passed between them, but that he had made to plaintiff the statement just set out, in common with all others who had bought excursion tickets.

Another witness for the plaintiff, besides himself, testified that the plaintiff refused to pay fare, and told the conductor that he would have to be put off; that he would not get off; that the conductor said that he would be compelled to put plaintiff off; that he put his hand on plaintiff's arm, just touching him, and led him off, but used no violence beyond this touch.

The ticket under which plaintiff claimed the right to passage was as follows :

"Issued by East Tenn. Va. & Ga. R. R. Co., Macon & Brunswick Div.    J. J. Griffin, Ass't Gen'l Pass. Agent.

Good for one first-class passage to Jacksonville and return, when officially stamped and presented with checks attached, subject to the following contract:

1. In selling this ticket, this company acts as agent, and is not re‐ sponsible beyond its own line.

2. It is not transferable, and no stop over will be allowed, unless specially provided for by local regulations of the lines over which it reads.

3. It is not good for passage if any alterations whatever are made hereon.

4. It is good for passage only ———— days from date of sale, as stamped on the back and written below.

5. It is not good lor return passage unless the holder be identified as the original purchaser to the satisfaction of the authorized agent of the Savannah, Florida & Western Railway, E. F. Div., within 30 days from date of sale, and when officially signed and dated in ink and duly witnessed and stamped by said agent; this ticket shall then be good only ———— days from such date.

6. I, the original purchaser, hereby agree to sign my name and otherwise identify myself as such whenever called upon to do so by any conductor or agent of the line or lines over which this ticket reads.

7. None of the companies represented in this ticket will assume any liability on baggage, except for wearing apparel, and then only for a sum not exceeding $100.00.

8. Checks belonging to this ticket will not be received if detached.

9. Unless all the conditions of this ticket are fully complied with, it shall be void.

In consideration of the reduced rate at which this ticket is sold, I agree to the above contract.

(Signed,)      F. H. Moses, Purchaser."

Witness: R. F. Reynolds, Agent.

Date of sale, March 27th, 1882.

(On the back.)

"Agent E. Tenn., Va. and Ga. R. R., Macon & Brunswick Div. Will stamp in space below.

{ R. F. Reynolds, Ticket Agent, March 27, 1882. M. & B. R. R., Macon, Ga. }

In compliance with my contract with the East Tenn., Va. & Ga. R. R., Macon & Brunswick Div., and lines over which this ticket reads, I hereby subscribe my name as the original purchaser of this ticket.
Signature..............
Witness: ..............
Ag't S., F. & W. Rw'y.
Dated...................

Agent Sav., Fla. & Western Rw'y. Will stamp in space below."

With this ticket was put in evidence the coupon for passage to Macon, detached and punched, concerning which the plaintiff testified.

The jury found for the defendant. Plaintiff moved for a new trial, on the following among other grounds:

(1.) Because the court charged as follows: "But I charge you, that if you believe from the evidence that this man bought this ticket and made a certain contract with this railroad company, and I charge you that that contract is a special contract made by him, then he must comply with his part of the contract, and if that contract required that he should sign his name in Jacksonville before the agent of the railroad, then I charge you, it is part of his contract to do that, and unless he did it, then the railroad had the right to put him off, and if they did do so, they did no more than exercise their rights."

(2.) Because the court refused to charge as follows : " If the Savannah, Florida and Western Railroad, through their conductor at Jacksonville, accepted said ticket and carried said plaintiff as far as Jesup on their line on his return to Macon, then said defendant, under the facts proved in this case to the jury, were bound to receive said ticket for the balance of his fare from Lumber City to Macon on his return ;" and instead of this request, charged as follows: " I charge you that each one of these railroads had the right to demand that ticket should be signed according to the contract, and if one accepted it, it was not a waiver as to the other."

The motion was overruled, and plaintiff excepted.

R. K. HINES ; H. F. STROHECKER, by G. W. GUSTIN, for plaintiff in error, cited Code, §§2634, 3179, 2751; Thomp. Car., 423; Code, §1909 ; 1 Pars. Cont., Ch. 2, Sec. 2 ; 17 Wall., 357 ; 42 Mo , 88; 5 Otto, 659–60 ; 19 *Ga* , 210; 37 *Id.*, 112 ; 38 *Id.*, 42; Code, §§2720, 2727 ; Hutch. Car., 245, 582 ; 64 *Ga.*, 601; Hutch. Car., 315, 590 ; 2 O. St., 131 ; (S. C. 17 Wall., 369.)

BACON & RUTHERFORD, for defendant.

JACKSON, Chief Justice.

The plaintiff in error sued the defendant in error for ejecting him from the latter's cars. The jury found for the defendant; a new trial was denied, and plaintiff excepted.

1. The case is controlled by the special contract made between the carrier and the passenger. That contract is, that the passenger should sign his name in Jacksonville before the agent there, before he could return on his excursion ticket. He failed to do so, and the company had the right to eject him. It was done politely by the conductor, and the passenger was not entitled to damages.

2. The ticket passed him over two roads ; but each had

the right to stand on the contract. If one passed him, the other was not bound thereby to pass him also, in the teeth of the contract he had made.

3. The fact that the coupon was detached by the conductor before he returned it did not affect the passenger's case. It was the last coupon, and with or without it he could not, against his contract, have traveled over the road on it.

4. The evidence required the verdict.

Judgment affirmed.