## S. ABRAM v. GULF, COLORADO & SANTA FE RAILWAY COMPANY.

### No. 3059.

1. **Excursion Railway Ticket—Identification of Ticket Holder.** — A regulation requiring a purchaser of an excursion ticket to have himself identified by the company's agent at the point of destination before the holder of the ticket could demand return passage is a reasonable rule. The carrier issuing such ticket at a reduced rate has the right to limit the privilege of its use to the purchaser. To secure this right and prevent imposition identification of the purchaser becomes necessary. The manner of identification may be the subject of contract.

2. **Same—Acceptance of Such Ticket.**—If the passenger accept an excursion ticket containing a condition that it can not be used on return passage unless the manner of identification specified has been complied with, and has had opportunity to know its conditions, uses it, and the carrier has resorted to no unfair means or deception, the passenger's assent to the same will be conclusively presumed. It is not necessary for the purchaser to sign the contract.

3. **Same—Can Not be Altered by Parol.**—Such ticket when accepted is a contract in writing, and may not be altered in its effect by parol agreement at the time of its execution, in absence of fraud, etc.

4. **Practice.**—The ticket holder claiming fraud and imposition upon him by the carrier should allege such acts of fraud and deception. Without such allegation the testimony is inadmissible.

APPEAL from Harris. Tried below before Hon. JAMES MASTERSON. The opinion states the case.

*E. J. Mantooth* and *Hutcheson, Carrington & Sears,* for appellant.—1. Although the uncontradicted testimony of the plaintiff Abram expressly negatived any presumption that the acceptance of the ticket by him was the acceptance of all its terms, the charge of the court makes the presumption conclusive, and constructs a contract which was never in fact entered into by the supposed parties to it. There was no meeting of the minds of the parties—no "concurrence of intention." Chitty on Con., pp. 7, 8; Summers v. Mills, 21 Texas, 87; Patton v. Rucker, 29 Texas, 408; Fort v. Barnett, 23 Texas, 463; Kent v. Railway, 31 Am. and Eng. Ry. Cases, 125; Railway v. Campbell, 36 Ohio St., 647; Rawson v. Railway, 48 N. Y., 212; Brown v. Railway, 11 Cush., 97; Malone v. Railway, 12 Gray, 388; Blossom v. Dodd, 43 N. Y., 264; Gregory v. Railway, 10 Neb., 250; 1 Am. and Eng. Ry. Cases, 270.

2. The court erroneously treated the ticket as a contract between the plaintiff and the defendant railway company, all the provisions of which were mutually obligatory upon them, when the evidence was that it was agreed that the matter printed on the ticket should not form such a contract. The parol evidence of the plaintiff Abram was competent to show this, as it did not contradict or vary the terms of a written contract, but went to show that no such contract was made. Quimby v. Vanderbilt, 17 N. Y., 306.

*J. W. Terry*, for appellee.—1. By the acceptance of a railway ticket which purports to contain a contract and not to be a mere token or receipt for the passage money, which ticket covers more than a single continuous passage on one road, the purchaser thereby assents to all its terms, and the same thereby becomes a contract between the parties, whether the purchaser has read or is aware of the conditions or not.

2.   The evidence of the plaintiff as to what was said between him and the agent who sold him the ticket was properly excluded from consideration by the court's charge, because such matters were not pleaded by the plaintiff.   In this State facts, though fully proved, can not form the basis of judgment unless alleged.  Burke v. Railway, Law Rep., 5 C. P. D., 1; Steers v. S. S. Co., 57 N. Y., 1; Withers v. S. S. Co., 10 C. B. E. C. L., 451; Zunz v. Railway, L. R. 4, Q. B. C., 539; Railway v. Proctor, 1 Allen, 208; Wheeler on Carr., sec. 231; Hutch. on Carr., sec. 568; Railway v. McGown, 65 Texas, 643; Gallin v. Railway, L. R. 10, Q. B., 437.

COLLARD, JUDGE, *Section A.*—The statement of the nature and result of the suit as made in appellant's brief and accepted by appellee is as follows:

"This is an action for damages for the forcible and wrongful ejection of the plaintiff Abram from the defendant's train, on the 26th of March, 1889.   Defendant pleaded the general issue.   But the defense is, that plaintiff tendered to the conductor a round trip or excursion ticket from Lufkin, Angelina County, to Galveston and return, issued by the Houston East & West Texas Railway Company over its own line and that of the defendant, which ticket contained the contract or condition that it should not be good for return passage unless the holder identified himself as the original purchaser to the satisfaction of the authorized agent of the Gulf, Colorado & Santa Fe Railway Company at Galveston, the said agent to then and there officially sign and date and stamp the ticket on the back.

"The plaintiff claimed that he made no such contract.   There was a trial, and the verdict of the jury was for the defendant company.

"Appellant's motion for a new trial was overruled, and the case comes here by appeal."

The assignments of error are as follows:

"1.   The court erred in charging the jury that the plaintiff, by taking the ticket in evidence, accepted the same subject to all of the terms and conditions set out in it.   This charge was not the law; and if abstractly correct, was wholly inapplicable to the facts of this case, and was not warranted or called for by the evidence.

"2.   The court erred in its general charge in setting out specific portions of the ticket held by plaintiff, and in instructing the jury that if the defendant's conductor put the plaintiff off the train because

the ticket had not been signed and stamped by the agent of the company at Galveston, that their verdict should be for the defendant company. The evidence did not warrant such a charge, and the charge withdrew the attention of the jury from the actual and material point involved in the case, viz., whether or not that ticket, or whether or not the conditions of that ticket, had ever been agreed to by the plaintiff.

"3. The court erred in refusing charge number 1, asked by the plaintiff, to the effect that if the jury found that the ticket was issued and sold to the plaintiff, without any contract on his part that he was to be bound by the conditions printed on it, that then he was not bound to perform such conditions, and the ticket was a good one, and entitled him to be carried over defendant's road.

"4. The verdict and judgment of the court are contrary to the law and the evidence in this case, in that the jury was misled by the charge of the court into finding that the ejection of the plaintiff from the defendant's train was justifiable and lawful."

Plaintiff's suit is predicated on an excursion ticket. The petition sets up the facts upon which a recovery is sought, substantially as follows: That on the 24th day of March, 1889, he purchased at Lufkin, from the Houston East & West Texas Railway, a ticket from Lufkin to Galveston and return over the line of the Houston East & West Texas Railway Company, and from Houston over defendant's line to and from Houston to Galveston, and paid therefor the amount charged by the agent; that the ticket was unlimited in point of time, except as to the year 1889; that he used the ticket, and it was recognized by defendant's conductor on his passage to Galveston, and no question was made about it on either road; that on the 26th of March, 1889, he boarded defendant's passenger train at Galveston to return to Houston, never having been notified of the necessity of another ticket or the necessity of any signature or stamp on his ticket to entitle him to return, and believing he was entitled to carriage by defendant to Houston on that ticket; that defendant's conductor came through the train and called for his ticket, which plaintiff showed him, and the conductor refused to recognize it, although plaintiff assured him that he was the owner of the ticket and offered to identify himself as such, and made every reasonable offer in his power to identify himself and to convince the conductor that he was entitled to be carried on the ticket; that he was ejected by violence from the train, etc.

On the trial, plaintiff offered in evidence so much of the ticket issued by the Houston East & West Texas Railway Company as entitled the owner, on conditions named therein, to one first-class passage from Lufkin to Galveston and return, as alleged; and established by other evidence his case as alleged. Defendant read in evidence the whole ticket, wherein there were certain stipulations or conditions to be agreed to

by the passenger in consideration of the reduced rate at which the ticket was sold, among which was the following: "5. That it is not good for return passage unless the holder identifies himself as the original purchaser to the satisfaction of the authorized agent of the Gulf, Colorado & Santa Fe Railway Company, at Galveston, on or before 1889; and when officially signed and dated in ink and duly stamped by said agent, shall then be good only three days after such date. 6. That I, the original purchaser, hereby agree to sign my name and otherwise identify myself as such whenever called on to do so by any conductor or agent of the line or lines over which this ticket reads, and on my failure or refusal, that this ticket shall therefore become void." All these conditions, it seems, were intended to have been signed by the purchaser at the time of purchase. They begin, "In consideration," etc., "I the undersigned agree," etc. This ticket was not so signed by plaintiff. On the ticket is a notice to the purchaser to read the contract and to "notice that the return part of this contract must be stamped and your signature witnessed in the manner prescribed before it will be honored for passage."

Plaintiff testified, that at the time he purchased the ticket it was "folded up and handed to him by the agent without any request that he was to sign the same, or notification that there was any necessity for so doing, or that there was any condition upon or concerning the same with which he was expected to comply; that he asked the agent how long it was good for, and was told by him that it was good for twelve months and during the year 1889; that the agent told him it was the same as an ordinary ticket, that he would not be required to sign it in Galveston, but simply to ride on it from Lufkin to Houston, and from Houston to Galveston, thence back to Lufkin, without any formality." The plaintiff did not comply with the conditions named, and the ticket was not stamped by the defendant's agent at Galveston nor signed. When the conductor called on plaintiff for his ticket on the return trip, between Galveston and Virginia Point, it was handed to him, and he refused to recognize it as good, because it had not been signed by plaintiff and stamped by the agent at Galveston as required therein. The conductor informed plaintiff that he would have to pay his fare or get off the train. Plaintiff refused to get off the train, claiming that his ticket was good, and offered to identify himself then and there to the conductor by persons present, and also offered to get off at Virginia Point, the next station, and there sign the ticket and have it stamped there by the defendant's agent. Plaintiff also testified, that the conductor said neither of those things were allowable, and he did not get off at Virginia Point. After the train left this station the conductor called on him as before, refused to accept the ticket, and plaintiff, upon refusing to pay his fare, was ejected from the train. He says he stated to the conductor that he had no money with which to pay his fare.

There is no doubt such a contract as the one relied on by defendant may be legally made between the carrier and the passenger, and upon failure of compliance with it by the passenger the conductor could legally eject him from the train. A rule or regulation requiring an original purchaser of an excursion ticket to have himself identified by the company's agent at the point of destination, before the holder of the ticket could demand return passage, is a reasonable rule. The carrier issuing such ticket at a reduced rate has the right to limit the privilege of its use to the purchaser. To secure this right and prevent imposition, identification of the purchaser becomes necessary. There are many authorities upholding the doctrine that the manner of identification may be the subject of contract. If the passenger accept an excursion ticket containing a condition that it can not be used on return passage unless the manner of identification specified has been complied with, and has opportunity to know its conditions, uses it, and the carrier has resorted to no unfair means of deception, his assent to the same will be conclusively presumed. To bind the purchaser it is not indispensable that he sign the contract where it binds the company. Railway v. McGown, 65 Texas, 643; Dow v. Railway, 36 Conn., 287; Mosher v. Railway, 127 U. S., 390, reported in 34 Am. and Eng. Ry. Cases, 339. A ticket which is a mere token containing no such contract does not come under the rule, and a mere notice on the back of the ticket has been held not to be a contract; but where the stipulation is in the body of the ticket it becomes a part of the contract. Wheeler on Mod. Laws of Carr., sec. 264; Id., secs. 144, 164; Hutch. on Carr., secs. 568, 580; Quimby v. Vanderbilt, 17 N. Y., 306. We see no reason why such a contract in writing expressing the respective rights of the parties should not come under the ordinary rule as to parol evidence. The contract being legal and in writing, contemporaneous parol agreements changing or varying its terms would not be allowed, unless the carrier has committed some fraud that would render the writing invalid, or "resorted to some unfair means of deception." Ryan v. Railway, 65 Texas, 19; Hutch. on Carr., secs. 580, 581; Pennington v. Railway, 62 Md., 95; Johnson v. Railway, 63 Md., 107.

In the case before us the jury may have concluded under proper instructions that plaintiff was misled by the assurance on the part of the agent who sold him the ticket that it would not have to be stamped and signed at Galveston, in which case, if he was deceived thereby, and was in fact ignorant of the conditions in the ticket, his ejection from the train would be wrongful and the company would be liable. This avoidance of the failure to comply with the requirements of the ticket was not pleaded by plaintiff as it should have been, and therefore it was not error in the court to exclude it from the consideration of the jury in his charge and refuse the charge asked, notwithstanding the evidence was admitted without objection.

As before stated, the identification of the holder of the ticket as the original purchaser is the foundation of defendant's right to contract to carry him only, because the carrier would be under no obligation to carry another person on such ticket. From this it may be contended that plaintiff would have the right to identify himself to the conductor at the time of his expulsion from the train, as he testifies he offered to do. On this question the safer rule is to abide by the contract as to the time and manner of identification, and not to open the door for other methods. The parties having bound themselves by a reasonable and convenient method of identification, and evidence of it, should be held to that method. Conductors should not in such case be required to further investigate the matter or recognize other proof of the fact. We think they should be relieved of the responsibility of determining the fact where the contract is specific and definite. Their responsibilities would be greatly increased and the law would be rendered more uncertain under a different rule. The mode prescribed in the contract for identification is reasonable, and it should be conclusive.

We conclude that the judgment of the lower court should be affirmed.

*Affirmed.*