66   153
68   449

## P. H. RAHILLY v. ST. PAUL & DULUTH RAILROAD COMPANY.[1]

November 6, 1896.

Nos. 10,102—(30).

**Carrier—Ticket—Conditions—Transfer.**

The defendant issued to D. a mileage ticket or book, which expressly provided that it was to be used only by D., "whose signature appears on the last page." The ticket also provided that it was "subject to the conditions named in the contract * * * and made part hereof." One of these conditions was that the ticket was not transferable, and, if presented by any other than the original holder, "whose signature is hereon," the conductor would take it up, and collect full fare. The ticket was never signed by D. Plaintiff, having purchased the ticket from a broker, presented it in payment of his fare on one of defendant's trains. The conductor took it up, and refused to return it to the plaintiff, whereupon plaintiff refused to pay his fare unless the conductor would return the ticket. *Held*, that plaintiff was not entitled to ride on the ticket; that the fact that it was not signed by the original purchaser was immaterial, since, by accepting the ticket, he accepted all the terms and conditions therein contained. Also that plaintiff had no right to refuse to pay his fare unless the conductor would return the ticket. Even if the conductor had no right to take it up, it was plaintiff's duty to leave the train or pay his fare, and then pursue his remedy against the defendant for wrongfully withholding the ticket.

Appeal by plaintiff from an order of the district court for Hennepin county, Smith, J., denying a motion for a new trial. Affirmed.

*F. D. Larrabee*, for appellant.

*Hadley & Armstrong*, for respondent.

[1] Reported in 68 N. W. 853.

MITCHELL, J.    This action was brought to recover damages for
the alleged wrongful act of defendant's servants in attempting to re-
move him from one of its passenger trains while he was on his way
from St. Paul to Duluth.

` The undisputed evidence is that plaintiff bought what is known
as a "mileage book" or "mileage ticket" from a broker or scalper, who
was a stranger to the defendant, and had no authority from it to sell
its tickets.    The following is a copy of this ticket, so far as here
material:

"Mileage Ticket No. 3051.   To be used only by Mr. A. O. Dunk [in
writing], whose signature appears on the last page.   Good for 1000
miles travel and transportation of regulation amount of baggage when
officially stamped, subject to the conditions named in the contract
attached to and made part hereof.   *   *   *   [Signed]   W. A. Russell,
Gen. Pass. Agent."   Stamped:   "(St. Paul & Duluth R. R. Pass. &
Ticket Office.)"

Then followed the coupons, one for each mile of travel, there being
499 in the book; and on the inside of the back cover is the following:

"Contract.   The conditions under which this mileage ticket is sold
by the St. Paul & Duluth Railroad Company, and purchased and used
by the person named in this ticket, are:   (1) It is positively not trans-
ferable, and, if presented by any other than the original holder, whose
signature is hereon, or after date of expiration, the conductor will
take it up and collect full fare."   [Then follow nine other conditions,
not now material.]   "I understand the above conditions, and do
hereby agree to the same."

As a matter of fact, Dunk's signature was not attached.    The
plaintiff boarded defendant's train, and, when the conductor called
for his fare, handed him this mileage book.   The conductor, on ascer-
taining that plaintiff's name was not the one written in the book,
told him that he could not ride on it, that nobody could ride on it
except the man whose name was written in it, and that the book had
been stolen from the man to whom it was issued.   The plaintiff
thereupon offered to pay his fare, provided the conductor would re-
turn him the mileage book.   This the conductor refused to do, in-
forming him that his orders and the rule of the company were to take
up the mileage book if presented by any other person than the one
whose name was written in the book.   The plaintiff, however, per-
sisted in refusing to pay his fare, except on condition that the con-

ductor would return him the mileage book.     Then followed the acts of the defendant's servants complained of, in attempting to put plaintiff off the train.     Whether in so doing they used any more force than was reasonably necessary was a question for the jury, and is not involved in this appeal.

The entire argument of plaintiff's counsel may be summed up in two legal propositions:     (1) That the mileage ticket was assignable, and good for the transportation of anybody, because it had never been signed by Dunk; (2) that, even if it was not transferable, and was not good for plaintiff's fare, the conductor had no right to take it up, and that plaintiff had a right to insist on its return to him as a condition precedent to paying his fare.     Neither of these positions is tenable.

The fact that the ticket was not signed by the original purchaser is immaterial.     On its face it stated that it could be used only by Dunk, and the purchaser, in accepting the ticket, accepted all the terms and conditions therein expressed.     Drummond v. Southern Pac. R. Co., 7 Utah, 118, 25 Pac. 733.     See, also, Gulf, C. & S. F. Ry. Co. v. McGown, 65 Tex. 640; Illinois Cent. R. Co. v. Read, 37 Ill. 484. A majority of the court, including myself, are of opinion that the conductor had a right to take up the ticket whenever presented by a person other than the one to whom it was issued, because the conditions attached to and made part of the ticket expressly so provided. Some members of the court are not prepared to assent to this proposition, but we are all agreed that, even if the conductor had no right to take up the ticket, this would not give the plaintiff any right to refuse to pay his fare until and unless the ticket was returned.     Having no right to ride on the ticket, it was his duty to pay his fare or leave the train, and then pursue his remedy against the defendant for wrongfully withholding the ticket from him.

Order affirmed.