### J. H. KETCHESON v. SOUTHERN PACIFIC COMPANY.

Decided June 1, 1898.

**1. Railway Company—Passenger Refusing to Sign Ticket.**

One who purchases a railway ticket conditioned that the purchaser would sign his name whenever called upon by any conductor, can not recover for ejectment from a train upon his refusal to sign such ticket, although the agent from whom he purchased sold the ticket to him after a refusal by him to sign it.

**2. Same—Refunding Price of Ticket.**

A passenger on a railway train who refuses to sign his name to his ticket in accordance with a condition thereon may be ejected from the train without refunding the money paid for the ticket.

APPEAL from El Paso. Tried below before Hon. A. M. WALTHALL.

*Millard Patterson* and *C. N. Buckler,* for appellant.

*Beall & Kemp,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellant instituted this suit to recover damages accruing by reason of the refusal of appellee to receive for a passage a certain tourist ticket sold to appellant by the Missouri Pacific Company at Leavenworth, Kan., for passage over the lines of that company and others to El Paso, Texas, and from that point over the line of appellee to San Francisco, Cal. The case was tried by jury and a verdict rendered for appellee.

It was in proof that on March 23, 1891, appellant bought from the agent of the Missouri Pacific Railway Company at Leavenworth, Kan., a certain tourist excursion ticket, calling for a round trip from the above point by way of El Paso, Texas, to San Francisco, Cal., and return by way of Tacoma, Wash., and St. Paul, Minn. Before obtaining the ticket appellant had informed the railroad agent that he desired a ticket, giving

him the route, and requested that it be prepared. Afterwards appellant returned to the ticket office and the ticket was delivered to him, and he was requested by the agent to sign it, which request was refused by appellant. The agent said "All right," and received the money and gave the ticket to appellant. Appellant was acquainted with the conditions of the contract, one of which was that the agent had no authority to alter, modify, or in any manner waive any of the conditions. Another condition was to the effect that appellant would sign his name and otherwise identify himself whenever called upon to do so by any conductor or agent of any line over which the ticket read. The ticket was honored without inquiry until appellant reached El Paso, Texas, where he took passage on a train belonging to appellee, and the conductor thereon, upon presentation of the ticket, asked appellant to sign the same, which he refused to do. The conductor then told him that he must sign the ticket, pay fare, or get off the train. Appellant would neither pay fare nor sign the ticket, and was compelled to leave the train. Appellant boarded other trains, and refusing always to sign the ticket, was put off at different times and places, and finally after paying out several sums of money for fare, reached San Francisco and called upon appellee's general passenger and ticket agent, who told appellant that he would refund all the money paid out by appellant for fare between San Francisco and El Paso, if he would sign the ticket. This appellant refused to do. The ticket was duly signed by the agent of the railroads before it was handed to appellant.

The court instructed the jury as follows:

"You are charged that under the issues presented in this case the burden of proof is upon the plaintiff, and to entitle him to recover he must have shown to your satisfaction that he has been injured substantially as alleged in his petition, and that such injury was not caused by the contributory negligence of himself as hereinafter charged. If this has been shown to your satisfaction, the burden of proof then shifts to the defendant company, and it devolves upon the defendant to show that it is not liable for damages by reason of the contributory negligence of plaintiff as herein charged.

"3. You are charged that by the acceptance of a railroad ticket which purports to contain a contract between a passenger and more than one line of railroad, such as read in evidence in this case, the purchaser thereby assents to all its terms, and the same thereby becomes a contract between the parties. No agent or employe of any one of the lines has the power to alter, modify, or waive any of the conditions contained in the joint contract without the consent of all. By the terms of the ticket read in evidence as the contract between the plaintiff and defendant, the Southern Pacific Company, it is provided in subdivision number 6, as one of the conditions upon which defendant agrees to be bound, and as one of the considerations for the reduced rates at which the said ticket is sold, that the original purchaser (the plaintiff in this case) agrees to sign his name, and otherwise identify himself as such, whenever called upon to do

so by any conductor or agent upon the line or lines over which the ticket reads, and that upon a failure or refusal to do so the ticket shall become thereafter void, and that it may be taken up and full fare collected, if presented at any time for passage by another person.

"The condition, rule, or regulation requiring an original purchaser of a ticket, such as is shown in evidence in this case, to sign his name thereto and otherwise identify himself when called upon by a conductor of a line over which the contract reads, is a reasonable one. If a passenger accept a ticket containing such a condition in the body of the contract and knows the provisions, or has an opportunity to know them, uses it, and the connecting carrier company has resorted to no unfair means of deception, the passenger's assent to the same will be conclusively presumed.

"If, therefore, you find from the evidence in this case that the conductor of the defendant company called upon the plaintiff to sign his name to the said ticket and gave him the opportunity to do so, and that plaintiff failed and refused to sign his name thereto, before the said conductor ejected him from the train, and that, failing to sign his name, the conductor called upon plaintiff and requested him to pay his fare and that plaintiff failed and refused to do so, you are instructed that in that event the conductor would have the right to eject plaintiff from the defendant's train, and if he did so and used no more force than was sufficient to eject plaintiff from the train, the plaintiff can not recover, and your verdict will be for the defendant.

"But if you believe from the evidence that in ejecting plaintiff from the train the conductor used abusive and insulting language and unnecessarily vexed, annoyed, distressed, and humiliated plaintiff, and used more force than was necessary to eject him from the train, then and in that event you will find for the plaintiff and assess such damages as will reasonably compensate him for damages suffered by reason of such abusive language and excessive force, unless plaintiff himself contributed to his own damage as hereinafter indicated. And in this connection you are further charged, that if you believe from the evidence in this case that plaintiff was vexed, annoyed, and distressed, but that it was brought about by·plaintiff's refusal to leave the train when requested so to do by the conductor, if he was so requested, and he did so refuse, then you will find for the defendant."

This was in effect an instruction to find for appellee unless more force than was necessary was used in ejecting appellant from the trains.

We conclude that the charge was justified by the facts. Taking appellant's version, as we have done in our conclusions of fact, of the circumstances under which he bought the ticket, he paid for the ticket charged with knowledge of its conditions, and he was as fully bound by it as though he had signed it. One of the provisions was that the ticket was to be signed by the person who was to use it, and although he may have been allowed to ride on other lines without signing it, appellee by the terms of the contract had the right to demand that it be signed by appel-

lant.  It does not matter whether the demand was made for the signature for purposes of identification or any other purpose, the contract bound appellant to sign.  It does not matter that he may have told the agent that he would not sign the ticket; the acceptance of the ticket, which was sold for a reduced rate in consideration of an agreement on the part of the buyer to its terms, was an acceptance of the conditions as fully as though he had signed it, and he was bound by them.  Abram v. Railway, 83 Texas, 61.

The testimony as to what the agent may have told appellant at the time he delivered the ticket could not alter the terms of the written contract, and the court properly disregarded such testimony in presenting the cause to the jury.  Abram v. Railway, above cited, and Fonesca v. Steamship Co. (Mass.), 27 N. E. Rep., 665.

There was no evidence of any rudeness or exercise of unnecessary force upon the part of appellee's employes in evicting appellant from the cars, but it appeared that each one of the conductors courteously demanded a compliance with the terms of the contract and gave appellant every opportunity to meet the requirements.  These demands were persistently refused by appellant, and he was properly expelled from the cars.  After he had reached San Francisco the general passenger agent of appellee offered to refund the extra fare paid out by appellant if he would accede to the reasonable request that he affix his name to the contract, but this offer, he states, was indignantly rejected by him.  The anomaly is presented, by the facts, of a man claiming rights under a contract which he persistently repudiates.

There is no merit in the proposition that appellee could not lawfully eject appellant from its cars without refunding the money paid for the ticket.  Appellant had been given the ticket under the conditions therein recited, and whenever he refused to comply with its conditions by its very terms he forfeited his rights in the ticket.

It will not be necessary to consider in detail the different assignments of error, as in our view the jury returned the only verdict justified by the law and the facts.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.