THOMAS DANGERFIELD v. THE ATCHISON TOPEKA &
SANTA FE RAILWAY COMPANY.

**No. 11,649.**   (61 Pac. 405.)

1. RAILROADS—*Excursion Ticket—Valid Conditions.* Conditions
in a round-trip excursion railroad ticket stipulating that it shall
be used only by the original purchaser, and requiring him to iden-
tify himself as such at the point of destination before beginning
the return passage, are not unreasonable or invalid.

2. ———— *Non-transferable Ticket — Rights of Purchaser —
Company not Estopped.*   D. purchased the return portion of
such a ticket from a broker at the point of destination, upon which
the conditions named were plainly printed.   It had not been signed
by the original purchaser and the broker signed D.'s name on the
ticket as though he were the original purchaser, had the signa-
ture witnessed, and then delivered it to D., who started on his
journey.   The first conductor to whom it was presented accepted
the ticket for passage, but the second conductor discovered that
D. was not entitled to ride on the ticket, took it up, and D., hav-
ing refused to pay his fare, was required to leave the train.   *Held,*
that D., not being the original purchaser, nor having complied
with the conditions plainly printed upon the ticket, was not en-
tled to ride on the same; that the conditions of the contract were
not waived; that the railway company was not estopped to refuse
the ticket because the agents of the company to whom it was first
presented did not discover the imposition; and that when the
discovery was made the company had the right to refuse to carry
D. farther, and, upon his failure to pay his fare, to require him to
leave the train.

3. ESTOPPEL—*Rule Stated.*   The general rule is that the conduct
of one which had been induced by the misrepresentation or fraud
of another cannot be relied on by the latter as an estoppel.

Error from Osage district court; WM. THOMSON,
judge.   Opinion filed June 9, 1900.   Affirmed.

*Waters & Waters,* for plaintiff in error.

*A. A. Hurd, O. J. Wood,* and *W. Littlefield,* for de-
fendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : Thomas Dangerfield, contemplating a trip to Europe and desirous of purchasing transportation from his home at Scranton, Kan., to the city of New York, applied to an agent at Scranton, who wrote to a ticket-broker in Topeka and from him procured the unused portion of an excursion ticket over the Atchison, Topeka & Santa Fe railway. With this ticket he started on his journey, and the first conductor to whom he presented the ticket accepted it for passage from Topeka to Kansas City ; there another conductor came upon the train, and when the ticket was presented to him he took it up, refused to allow Dangerfield to ride on it, and as the latter did not pay his fare he was required to leave the train. For the loss sustained by being compelled to discontinue his journey, and for the disgrace and humiliation of being put off the train, he seeks a recovery from the railway company.

The ticket purchased by Dangerfield from the ticket-broker at Topeka had been sold in Chicago at a reduced rate by the Chicago, Rock Island & Pacific Railway Company, and provided for a ride from Chicago to Topeka over the road of the company issuing it, and a return to Chicago from Topeka over the Atchison, Topeka & Santa Fe railway. It was sold subject to certain conditions that were plainly written on its face, and one among them was that it should be used within limited times, for continuous passage, and only by the original purchaser, who at the point of destination and before return passage must identify himself as the original purchaser in a particular way. There was a clause that unless the provisions of the ticket were fully complied with it should be void. It appears that the original purchaser did not sign the

ticket when it was purchased, as the contract seemed to require, and that the ticket-broker signed Dangerfield's name to the ticket when the purchase was made, as though he were the original purchaser, and had it witnessed by agents of the railway company in North Topeka. Upon the facts the district court held the ticket to be invalid in the hands of Dangerfield, and that he was not entitled to recover from the railway company.

Limited round-trip tickets, like the one presented by Dangerfield, are in common use throughout the country, and the conditions written upon the face of such tickets, and which constitute the contract between the parties, are not unreasonable or invalid. The ticket itself was notice to Dangerfield that it could only be used by the original purchaser, and that it was invalid in the hands of any one else. He knew that he was not the original purchaser, that his name had been signed to it by some one else as though he were the original purchaser, and, also, that he had never been identified to the agents of the railway company as the original purchaser. The conductor to whom the ticket was first presented did not detect the deception and raised no question as to its validity, but the suspicions of the second conductor were in some way aroused, and, upon inquiry, he learned from Dangerfield that he was not entitled to ride upon the ticket, and, in default of the payment of fare, he required him to leave the train.

The validity of the contract between the purchaser and the railway company issuing the ticket is conceded, and the plaintiff also concedes that the railway company might have refused the ticket when it was presented to its agents and to the first conductor, but it is contended that the conductor having accepted it for

passage at the outset, and having allowed Dangerfield to start on his journey, the railway company is estopped to question its validity or to deny his right to be carried upon it. The doctrine of estoppel is not applicable in such cases, and the plaintiff, who was pretending to be the original purchaser and was therefore practicing a deceit upon the other party, is not entitled to invoke the equitable rule in his favor. The general rule is that the conduct of one, which has been induced by the misrepresentation or fraud of another, cannot be relied on by the latter as an estoppel. Nor can there be any waiver or estoppel without knowledge by the agents of the company of the facts and circumstances under which Dangerfield had procured the ticket. The fact that those to whom the invalid ticket was first presented did not detect the imposition does not preclude the refusal of such ticket by other agents or conductors who subsequently discovered its invalidity. (*Bowers, Appellant, v. R. R. Co.*, 158 Pa. St. 302, 27 Atl. 893 ; *Boylan v. Hot Springs Railroad Co.*, 132 U. S. 146, 10 Sup. Ct. 50, 33 L. Ed. 290.)

Attention is called to the fact that the original purchaser did not sign the ticket when it was issued, but it is clear that his failure to sign did not eliminate the conditions of the contract. If these were binding upon the company they were equally binding upon the purchaser, whether signed by him or not. Nor does the fact that the first company omitted or dispensed with the signing of the ticket affect the right of the second company to insist on the conditions ; and it did not make the ticket transferable. (*Comer v. Foley*, 98 Ga. 678, 25 S. E. 671.) The ticket was in fact not transferable, and Dangerfield, not being the original purchaser, had no right to ride upon it. As soon as the agents of the company discovered that the

conditions of the contract written on its face had been violated they had the right to refuse to carry the passenger, and, upon his failure to pay fare, to require him to leave the train. (*Abram v. G. C. & S. F. Rly. Co.*, 83 Tex. 61, 18 S. W. 321; *Moses v. East Tennessee, Virginia and Georgia Railroad*, 73 Ga. 356; *Rahilly v. St. Paul & Duluth R. Co.*, 66 Minn. 153, 68 N. W. 853; 1 Fetter, Carriers, 282.)

The judgment of the district court will be affirmed.