FISH BROS. WAGON CO. v. G. F. ADAMS & CO.

(Court of Civil Appeals of Texas. San Antonio. April 10, 1912.)

1. EVIDENCE (§ 441*) — PAROL EVIDENCE — WRITTEN CONTRACT — SALE — TIME OF DELIVERY.

Where a contract for the purchase of wagon gears was in writing, and was merely an order to ship wagons, without any special time for shipment noted, evidence that the buyers told the agent to whom the order was given that it was special, and that he promised to get the wagons to them in about three weeks, was inadmissible as varying the contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719–1845, 2030–2047; Dec. Dig. § 441.*]

2. PLEADING (§ 291*)—VERIFICATION — NECESSITY.

Where a written contract declared on was copied into the plaintiff's petition, and its execution was not denied under oath, the answer of the defendant merely seeking to avoid payment on the ground that goods ordered were not shipped within a reasonable time, evidence that a portion of the contract had been inserted without the knowledge of the defendant was inadmissible.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 864–879; Dec. Dig. § 291.*]

3. SALES (§ 150*)—CONTRACT—SUFFICIENCY OF PERFORMANCE.

Where a person sold wagon gears under a contract which read, "Please ship the following," whether performance was within the reasonable time required must be determined from the date of the shipment, rather than delivery to the consignee by the railway company.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 350, 351, 354–356; Dec. Dig. § 150.*]

4. SALES (§ 150*)—TIME OF DELIVERY.

Where the obligation of a wagon manufacturer, on a written contract to ship gears, was to ship them within a reasonable time, that the purchaser wanted the goods for certain parties who desired them within a certain time, would not determine the reasonableness of the shipment made.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 350, 351, 354–356; Dec. Dig. § 150.*]

Appeal from Frio County Court; S. T. Dowe, Judge.

Action by Fish Bros. Wagon Company against G. F. Adams & Co. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

J. T. Briscoe, of Devine, for appellant. Mack Kercheville, of Devine, for appellee.

FLY, J. [1] This is a suit instituted by appellant on a contract for the purchase of two wagon gears, entered into between appellant and appellees on July 11, 1910. The important part of the contract is as follows: "Big Foot, Texas, July 11, 1910. Fish Bros. Wagon Co., Racine, Wis. Please ship the following wagons and extras, as specified below, via car to El Campo, to G. F. Adams, Big Foot, Texas, by ———, 1910, or so soon thereafter as possible, for which we agree to pay you as follows, viz.: Net f. o. b. cars at factory, and send you in payment our notes or acceptance with exchange on New York or Chicago, payable four months from date of invoice, or less five per cent. for cash, 30 days." The property ordered is described in the contract. Appellees, in their answer, did not deny the execution of the contract, but merely sought to avoid payment, on the ground that the wagons were not shipped to them in a reasonable time. The cause was tried, without a jury, and judgment rendered for appellees.

Appellees admitted in their answer that they ordered the wagon gears, and that they

were to be shipped as soon as possible, and yet, on the trial, appellees were permitted to contradict a plain contract by swearing that they had told the agent to whom the order was given that the order was special, and that he promised to get the wagons to Big Foot in about three weeks. The evidence clearly varied the terms of the contract, which contained no agreement as to the delivery of the wagons, but merely related to their shipment. The contract showed that it did not go into effect until it was sent to and approved by appellant in the distant state of Wisconsin. Appellant received the order on July 18th, and on July 30th shipped the wagons, and, without proving that appellant had delayed the shipment unreasonably, appellees ingrafted a verbal agreement with an agent on the written order for the goods. The evidence was inadmissible. "The contract being legal and in writing, contemporaneous parol agreements changing or varying its terms should not be allowed." Abram v. Railway, 83 Tex. 61, 18 S. W. 321; Faires v. Cockerell, 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528; Gale v. Finkelstein, 59 S. W. 571.

[2] Under the answer of appellees, there was but one issue, and that was: Did appellant ship the wagons within a reasonable time after it had received the contract or order? But not only were appellees permitted to vary the terms of the contract they had signed, but were allowed to prove that a portion of the contract had been inserted, without their knowledge and consent, after they had signed it. This was allowed, although appellant had copied the contract into its petition, including the clause as to the goods being shipped in "car to El Campo," and appellees had not denied its execution under oath, or in any other manner.

[3] If appellant shipped the wagon gears in a reasonable time after getting the order, and consigned them to appellees at El Campo, as agreed in the order, it would not be liable for the delay of the railroad company in delivering the wagon gears. It had agreed to ship, and not to deliver, the goods; and all the testimony as to the time it takes to transport freight from Racine, Wis., to Moore, Tex., had no bearing on the liability of appellant.

[4] The fact that appellees ordered the wagons for certain parties could not affect the liability of appellant in one way or another. It could be held responsible for nothing, except a failure to use reasonable diligence in shipping the wagons after receiving the order. No evidence was offered to show that diligence was, or was not, used in the shipment. Twelve days may, or may not, have been a reasonable time in which to ship goods, depending on the circumstances attending the shipment. If the wagons had been shipped immediately after the order was received by appellant at Racine, they would not have reached Big Foot in time to have met the wants of Simmons, one of the prospective buyers from appellees, because he bought, on August 8th, from another party.

The judgment is reversed, and the cause remanded.