## INNER SHOE TIRE CO. v. TREADWAY et al.

(Circuit Court of Appeals, Fifth Circuit. March 13, 1923. Rehearing Denied April 7, 1923.)

No. 3891.

**1. Evidence ⬤⟿442(6)—Held inadmissible to substitute parol for written contract.**

Where defendant signed written orders to plaintiff for goods, containing a provision that "no agreement or condition, verbal or otherwise, other than herewith mentioned, will be recognized," evidence was inadmissible to substitute a prior parol contract made with plaintiff's salesman, wholly different from and at variance with the written orders.

**2. Evidence ⬤⟿442(1)—Not admissible to add to complete written contract.**

Where a written contract is complete in itself, and covers the entire transaction, parol evidence is not admissible to add further terms or conditions.

**3. Evidence ⬤⟿417(19)—Sales ⬤⟿82(2)—Unless contract otherwise provides, payment is due on delivery, and parol evidence is inadmissible to show other time.**

When a written contract for sale of goods fails to designate a time for payment, payment is due on delivery; and parol evidence is not admissible to fix some other time.

**4. Sales ⬤⟿38(4)—Claim of fraud by purchaser not sustained.**

Defendants, who signed written orders to plaintiff for goods, knowing that they were wholly inconsistent with an alleged parol contract, made with plaintiff's salesman, which contained a different warranty, cannot assert fraud because the salesman failed to acquaint plaintiff with the parol contract; the fraud, if any, having been perpetrated by defendants and the salesman on plaintiff, which shipped the goods on the written orders.

In Error to the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

Action at law by the Inner Shoe Tire Company against F. D. Treadway and others, doing business as Ineeda Tire Company. Judgment for defendants, and plaintiff brings error. Reversed.

R. J. Jones and Robert L. Cole, both of Houston, Tex. (Cole & Cole, of Houston, Tex., on the brief), for plaintiff in error.

E. B. Colgin, of Houston, Tex. (Bryan, Dyess & Colgin and Chas. O. Guynes, all of Houston, Tex., on the brief), for defendants in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. There was judgment for defendants below, and the plaintiff assigns error.

Plaintiff manufactures and sells an article which it calls an inner shoe, designed to be placed inside an automobile tire, and between it and the inner tube. The defendants are engaged in Houston in the business of selling automobile accessories. They signed and delivered to plaintiff's salesman two orders, addressed to the plaintiff, for shipments of inner shoes, which were accepted by the plaintiff. The orders were upon identical printed forms prepared by the plaintiff, and contain the following provision:

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"No agreement or condition, verbal or otherwise, other than herewith mentioned, will be recognized."

The printed terms of payment, "Net 30 or less 3 per cent. 10 days," were stricken out of the orders signed by the defendants, and the words "less 30 per cent" were substituted. The plaintiff shipped the inner shoes described in the orders and brought suit for the purchase price.

The defendants in their answer allege that, before the orders were signed, they entered into an oral contract with plaintiff's salesman whereby it was agreed that the plaintiff should ship inner shoes, in such quantities as in its judgment could be sold at and in the vicinity of Houston, to the defendants at a discount of 30 per cent. from the list price, and should guarantee such inner shoes to be fully blow-out proof, 90 per cent. puncture proof, and that they would double the mileage of automobile tires. The defendants should have the right to return inner shoes to the plaintiff at any time upon becoming satisfied that the same were not as guaranteed. They were not to be required to make payments, except as collections were made by them from their customers, and they were not to demand payment from their customers until the latter also were absolutely satisfied. The defendants were authorized also to refund any sums of money paid to them by their customers who thereafter became dissatisfied, and in that event the plaintiff should reimburse the defendants for all sums so refunded. The answer then alleges that in pursuance of this agreement with plaintiff's salesman the orders sued on were signed, that the inner shoes were not as guaranteed by the salesman, and were unsatisfactory to the defendants and their customers. The defendants by cross-petition also pleaded total and partial failure of consideration, that the inner shoes were worthless, that they had sold only a small quantity of them, and they tendered back such as they had not sold.

The plaintiff demurred to the answer, but the demurrer was overruled. It then pleaded that the only guaranty or warranty which it had ever made was contained in a certificate delivered with each inner shoe, and ran to the consumer. This certificate is to the effect that the plaintiff warrants that the inner shoes are perfect in material and workmanship, and absolutely blow-out proof, would prevent 90 per cent. of all punctures, and double tire mileage when installed in new tires according to printed directions. The certificate then provides that, if the inner shoe shall fail to give these results, the plaintiff will furnish the customer free of charge a new one upon receipt of the old one.

[1] The court admitted, over plaintiff's objection, testimony tending to prove the oral contract between plaintiff's salesman and the defendants substantially as pleaded. Defendants' manager testified that he read the written orders, but signed them upon the assurance of plaintiff's salesman that the oral agreement should be binding, and that the orders were required only for the purpose of securing shipment of the goods therein described. At the time this witness signed the orders, he was familiar with the above-described certificate, and knew that it was attached to each inner shoe sold by the plaintiff.

A jury was waived in writing, and at the close of the evidence the court held that the evidence objected to was admissible to show terms

and manner of payment, and that it was proper to consider the parol warranty in addition to the written warranty. The court made a general finding "that the law and facts are with the defendants," and thereupon entered judgment that the defendants should return to the plaintiff all inner shoes which they had not sold, and that the plaintiff should have its writ of possession therefor.

In our opinion, the trial court erred in admitting, over plaintiff's objection, evidence to prove the alleged antecedent parol contract. Whatever representations had been made by plaintiff's salesman prior to the signing by the defendants of the written orders became immaterial. Such oral contract was widely different from that consummated by acceptance of the written orders. The rule that parol evidence is inadmissible to contradict or vary the terms of a valid written instrument is established beyond controversy. 10 R. C. L. 1016, 1018; Greenleaf on Evidence, § 275. Its wisdom is demonstrated in this case. It is almost inconceivable that a buyer of goods of the supposed value of several thousand dollars could believe that the owner would deliver them with an agreement that they need not be paid for, except at the pleasure of the buyer or customers to whom he might sell them. If the salesman entered into the oral contract claimed, to all intents and purposes, he made a gift of his principal's goods. When the defendants read the orders which they signed, they were put on notice, as effectual as it was possible to give, that the salesman was without authority to procure the shipment of goods, except upon terms stated in such orders. It is not contended otherwise on the facts, but merely that the salesman stated that the orders would not have the legal effect of superseding the oral agreement.

[2] The defendants seek to bring themselves within the rule that, where the whole agreement is not reduced to writing, a written instrument, subsequently executed, in part execution only, does not supersede the prior parol agreement. But the written orders expressly and in unmistakable terms exclude any inconsistent agreement or condition. They are complete in themselves; they cover the entire transaction, and are not in part execution of a parol agreement. Seitz v. Brewers' Refrigerating Co., 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837.

[3] The defendants contend that the terms of payment were the proper subject of oral testimony, because the provision therefor was stricken out, and it therefore became uncertain when payment was required by the written contracts to be made. Under such circumstances, payment was due upon delivery of the goods. 21 R. C. L. 11.

It is contended that the word "herewith," which appears in the quoted portion of the orders, saves the salesman's oral warranty of the goods from being at variance with the terms of the written orders. The contention is too technical, and would render meaningless the provision by which the plaintiff undertook to protect itself against unauthorized representations by its agents.

[4] The further contention is made that plaintiff's salesman perpetrated a fraud upon the defendants by failing to acquaint the plaintiff with the terms of the parol agreement. But the defendants signed the orders for the admitted purpose of having the plaintiff ship the

goods, notwithstanding they had knowledge of the widely different so-called guaranty contained in the certificate attached to each inner shoe. If there was any fraud as to warranty, it was facilitated by the defendants and was perpetrated upon the plaintiff.

Although a jury was waived, and the finding was general, the bill of exceptions shows affirmatively that the court took into consideration the "terms and manner" of payment under the parol agreement between the plaintiff's salesman and the defendants. It follows that, in our view, the court considered evidence which was inadmissible, and therefore the judgment must be reversed.

We do not intend to intimate or suggest that the evidence in support of the cross-petition is not sufficient to sustain the conclusion that there was a total or partial failure of consideration. That defense is left to the consideration of the District Judge upon its merits.

The judgment is reversed, and the cause remanded, with directions for further proceedings not inconsistent with this opinion.