## HIDALGO COUNTY WATER IMPROVEMENT DIST. NO. 4 v. WESTERN METAL MFG. CO. et al.*

(Circuit Court of Appeals, Fifth Circuit. January 12, 1927.)

No. 4854.

1. Principal and agent ⬅⟿156—Agent making false representations of existing fact to induce contract may be liable with principal for resulting damages.

Agent guilty of malfeasance or misfeasance, or making false or fraudulent representations of existing fact to induce making of contract, may be held liable with his principal for damages caused thereby.

2. Principal and agent ⬅⟿156—Agent's representations that, if iron irrigation siphon was constructed under manufacturer's supervision, it would stand any pressure, held to give no cause of action against agent, being promise for known principal.

Representations by iron manufacturer's agent that, if siphon for irrigation was constructed under manufacturer's supervision, it would withstand any pressure, *held* promissory, and, even if it gave cause of action against manufacturer for breach of contract, gave no cause of action against agent.

3. Evidence ⬅⟿441(1)—Prior parol promises of manufacturer's agent held inadmissible to vary written contract.

Evidence of prior parol promises of manufacturer's agent, who procured contract, was inadmissible to vary or alter written contract.

In Error to the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

Action by the Hidalgo County Water Improvement District No. 4 against the Western Metal Manufacturing Company and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Don A. Bliss, of San Antonio, Tex., for plaintiff in error.

Lewis R. Bryan and E. H. Suhr, both of Houston, Tex. (Bryan, Colgin, Suhr & Bering, of Houston, Tex., on the brief), for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiff in error, a Texas municipal corporation, hereafter referred to as plaintiff, brought suit in the district court of Hidalgo county, Tex., against the Western Metal Manufacturing Company, hereafter referred to as the Metal Company, an Arizona corporation, and H. L. Draper, a citizen of Texas.

Briefly stated, the petition alleged that plaintiff was operating an irrigating system in Hidalgo county, Tex., and in October, 1923,

*Rehearing denied February 19, 1927.

purchased certain iron pipe, couplers, and other connections from the Metal Company to be used in constructing a siphon; that said company furnished a superintendent to supervise the installation of the said siphon; that plaintiff furnished all the labor necessary; that when the siphon was constructed, and the water was turned in from the reservoir, it did not and could not stand the pressure, and gave way at once, necessitating the taking up of the pipe and reconstructing of the siphon, which caused plaintiff damages exceeding $15,000; that the purchase of the material was induced by the representations of the defendants, with full knowledge of conditions, that the piping purchased, when put in place under the supervision of a superintendent to be furnished by the Metal Company, would withstand any pressure that might be necessary to convey a sufficient amount of water to properly irrigate the lands intended to be served.

Asserting that the suit was wholly against it, and showed no cause of action against its agent, the Metal Company secured the removal of the suit to the District Court of the United States for the Southern District of Texas. Draper did not attempt to remove the suit as to him, but filed an answer, denying the allegations of the petition as to false representations, and denying that the petition disclosed a cause of action as against him. Thereafter the Metal Company filed an answer in the United States District Court admitting the sale of the material, denying it had agreed to furnish a superintendent to supervise the construction of the siphon, and setting up a written contract for the sale of the material in the following words and figures:

Western Metal Manufacturing Company. Date 10—8—1923. Salesman's Order No. 130. Sold to Hidalgo Co. Water Imp. Dist. No. 4, address Edinburg. Ship to same station, McAllen; county, Hidalgo. Routing—St. L. B. & M. Freight charges, collect. Mail B/L to W. L. Rockwell; address, Edinburg.

| Article | Each | Total | Total Price | Amount. |
|---|---|---|---|---|
| 908' | 78" | No. 12 Ga. Armco pipe C R & S 18' Sections | | $12,630 28 |
| 50 | 78" | Band couplers | 11.90 | 595 00 |
| 1 | | Armco 78" to 108" x 10' long | | 300 00 |
| | | | | $13,525 28 |

Order No. 1908.

Seller not responsible for delays arising from causes beyond its reasonable control. Title to all property shall remain in seller until purchase price is paid in full and right of possession shall be in seller at all times during default in payment. Unless otherwise specified prices are f. o. b. cars at Houston, Texas. W. L. Rockwell, Purchaser. Entered as order No. 1908.

H. L. Draper, . Salesman.

This answer also set up that at the request of the plaintiff this defendant had furnished a man at its own expense for three days to advise with and instruct the workmen of the plaintiff as to how to join the pipes together with the band couplers; but, as the plaintiff had not completed the construction of a trench and foundation upon which to rest the pipes when completed, the man sent by the Metal Company left to await the completion of the foundation and trench; that in the meantime an overflow occurred, which washed away much of the material on the grounds, and indented some of the pipes, and undid those which had already been coupled and joined; that the siphon had been constructed upon a quicksand base, and that, when the water was pumped through the same, the foundation began to give way, which caused the siphon to become uneven and the various connections of the pipe to break.

Plaintiff moved to remand the case to the state court and this was denied. The case was then tried to a jury, and in the course of the trial the District Judge took away from the jury any consideration of the question as to whether the Metal Company had agreed to furnish a superintendent for the installation of the siphon.

Plaintiff excepted to the portion of the charge dealing with this question, which is as follows:

"In addition to the matter of the representation as to the fitness of the pipe, the plaintiff has alleged, and has undertaken to prove, that the defendant agreed to superintend and direct the construction of the pipe line.

"I charge you, in view of the written memorandum, that such evidence is a variance from that memorandum, and that there is no proper legal basis in this case for the plaintiff to claim that they had any agreement with the defendant to construct and lay that pipe line, and that you will not consider whether or not such an agreement was made, because such an agreement would contradict the very face of the memorandum of agreement, which recited that for a certain consideration they would sell so much pipe, and would be in effect imparting into their agreement an agreement for construction which the evidence does not justify."

Error is assigned to the refusal to remand the case to the state court and to the giving of the portion of the charge above set out.

[1, 2] It may be conceded that when an agent is guilty of malfeasance or misfeasance, or makes false or fraudulent representations of an existing fact in order to induce the making of a contract, he may be held liable together with his principal for damages caused by his

wrongful acts, but nothing of that kind is evident in this case. There was no misstatement as to the quality of the material sold to the plaintiff, and the most that plaintiff complains of is that the agent represented that, when constructed under the supervision of the Metal Company, the siphon would be sufficiently strong to withstand any pressure put upon it.

This, if true, was clearly a promise by an agent for a known principal, and if there was any breach of contract in this regard it certainly gave no cause of action against the agent. The District Court was right in refusing to remand the case to the state court. Wecker v. Nat. Enam. Co., 204 U. S. 176, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757. [3] The evidence does not appear in the record, and we are not advised what it tends to show as to the promises made by the Metal Company through its agent to furnish a superintendent. The allegations of the petition in this respect were denied by the answer, and the Metal Company relied upon the written contract. That contract is silent as to any promises to superintend the installation of the material, and is complete in itself. It is clear from the petition that the promises plaintiff alleges it relied upon were made by the agent prior to the entering into of the written contract. In such case, parol evidence that would tend to alter or vary the contract was not admissible, and it was not error to charge the jury as above shown. Inner Shoe Tire Co. v. Treadway (C. C. A.) 286 F. 838; Kaplan v. Am. Cotton Oil Co. (C. C. A.) 12 F.(2d) 969; Du Bois v. Rooney, 82 Tex. 173, 17 S. W. 528; Fish Bros. Wagon Co. v. Adams (Tex. Civ. App.) 146 S. W. 704.

We find no error in the record.

Affirmed.