## LEVERETTE v. NEW LONDON SHIP & ENGINE CO.

Circuit Court of Appeals, Fifth Circuit.
March 6, 1928.

No. 5009.

1. **Sales ⟜273(5)—No implied warranty that specific article sold by written contract will accomplish purpose for which bought.**

Where the subject of a written contract of sale is a definite described article, there is no implied warranty that it will accomplish the purpose for which the purchaser bought it, though such purpose was known to the seller.

2. **Evidence ⟜441(9)—Express warranty cannot be shown by parol.**

Parol evidence is not admissible to show an express warranty that article sold will accomplish purpose for which purchased.

Appeal from the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Suit in equity by the New London Ship & Engine Company against Charles G. Leverette. Decree for complainant, and defendant appeals. Affirmed.

Wm. Hunter and W. C. Brooker, both of Tampa, Fla., for appellant.

T. M. Shackleford, Jr., and Whitley P. McCoy, both of Tampa, Fla. (Shackleford & Brown, of Tampa, Fla., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a final decree entered on November 19, 1926, on a decree pro confesso entered on August 17, 1926, foreclosing a mortgage given pursuant to a contract whereby the appellee agreed to construct for the appellant "a certain engine and equipment hereinafter described, to wit, a four-cylinder 120 brake horse power Nelseco marine Diesel engine of the latest standard design, as built by the New London Ship & Engine

Company, fitted with reverse gear and coupling, and including starting equipment, auxiliary air compressor, and spare parts such as the company thinks reasonable and necessary." Within 30 days after the rendition of the decree pro confesso, following the striking of appellant's original answer to the bill, the appellant filed his motion to be permitted to file an amended answer, attached to that motion, which was denied on January 14, 1927. The following are appellant's assignment of errors:

"First. That the court erred in entering the decree therein entered on the 19th day of November, 1926.

"Second. That the court erred in its order of the 14th day of January, 1927, in refusing to permit the defendant to file his amended answer therein."

Federal equity rule 17 provides that a final decree entered, after the expiration of 30 days after the entry of the order pro confesso, "shall be deemed absolute, unless the court shall, at the same term, set aside the same, or enlarge the time for filing the answer, upon cause shown upon motion and affidavit." It does not appear from the record that any cause for setting aside the final decree was "shown upon motion and affidavit"; no cause being alleged in the motion to be permitted to file an amended answer, and no affidavit as to the existence of a cause being presented or filed. This being so, the court is not chargeable with error in denying the motion to file an amended answer.

[1, 2] If the defense sought to be made had been duly made, it would not have been sustainable. It appears from the allegations of the proposed amended answer that the defense sought to be made was based on oral representations of an agent of the appellee to the effect that the engine which was the subject of the contract of sale and of the mortgage made in pursuance of that contract would be suitable for a vessel which the appellant was constructing when that contract was made, and would furnish reasonable and proper motive power for such vessel. The subject of the written contract being a known, described, and definite article, there was no implied warranty that it would accomplish the purpose for which the appellant bought it, though the appellee knew the purpose which the appellant intended to accomplish with it, and parol evidence to prove an express warranty by the appellee that the article would be suitable to accomplish such purpose is not admissible. Seitz v. Brewer's Refrigerating Co., 141 U. S. 510, 12 S. Ct. 46, 35 L. Ed. 837; Davis Calyx

Drill Co. v. Mallory (C. C. A.) 137 F. 332, 69 L. R. A. 973; Kaplan v. American Cotton Oil Co. (C. C. A.) 12 F.(2d) 969; Hidalgo County Water Imp. Dist. No. 4 v. Western Metal Mfg. Co. (C. C. A.) 16 F.(2d) 893.

There was no error in the rulings complained of. The decree is affirmed.