### MIAMI LIME & CHEMICAL CO., Inc., v. YORK ICE MACHINERY CORPORATION.

### No. 9011.

Circuit Court of Appeals. Fifth Circuit.

June 3, 1939.

John J. Lindsey, of Miami, Fla., for appellant.

N. J. Rosenstein, of Miami, Fla., for appellee.

Before FOSTER and McCORD, Circuit Judges, and BORAH, District Judge.

McCORD, Circuit Judge.

On July 3, 1934, Miami Lime and Chemical Co., Inc., a Florida Corporation, and York Ice Machinery Corporation, a Delaware Corporation, entered into a contract for the purchase and sale of machinery, materials, and appliances to be used in erecting a dry ice manufacturing plant. The contract provided that the purchaser, Miami Lime and Chemical Company, Inc., pay the seller, York Ice Machinery Corporation, $7,586 for the equipment and materials. The purchase price was to be paid $800 cash with the order, $2,234 upon presentation of the bill of lading, and the balance in eighteen installments. The seller was to retain title to the machinery and equipment until full payment of the purchase price.

The machinery and equipment was delivered, the cash payments were made, and the first six installment notes were duly paid. The buyer defaulted and the seller filed a bill in equity to enforce its lien on the machinery. The Miami Company

filed an answer and counterclaim and attempted to set up an oral covenant and warranty. It alleged that the machinery described in the contract had been represented as being capable of producing a ton of dry ice each twenty four hours, when as a matter of fact the plant could not produce more than 1,400 pounds of ice per day. The plaintiff filed its replication to the defendant's amended answer, and a special master was appointed to take and report such evidence as the parties might present. The order of reference provided that either party might at any time invoke a ruling of the court on the relevancy and admissibility of evidence adduced.

On the hearing before the special master, the York Corporation introduced the original copy of the contract and the twelve unpaid installment notes. The Miami Company introduced evidence by which it attempted to prove the alleged oral representations as to capacity of the dry ice plant. Under authority of the reference order, the proceedings were certified to the court with a request for a ruling on the relevancy and admissibility of the testimony offered by the Miami Company.

The court held that the machinery was sold without warranty of any kind; that the contract contained the entire agreement of the parties; that by the terms of the contract the defendant was estopped to rely on representations not included in the written agreement; that the evidence sought to be introduced by the defendant tended to alter, vary, modify, or contradict the terms of the written contract; and that such evidence was inadmissible and would be disregarded "both with respect to the enforcement of the said contract and with respect to the plaintiff's prayer for a deficiency decree". Judgment was thereupon entered for the plaintiff.

■ The contract provides that, "It is expressly understood that this proposal contains all of the agreements between the parties hereto pertaining to the machinery and materials to be furnished hereunder; that there are no implied warranties; that there is no verbal understanding whatever between the parties in reference thereto, and that there are no special facts or circumstances affecting the liability of the parties * * *". The contract was signed with the further "definite understanding that there are no verbal agreements or understandings changing or modifying it".

■ It is clear that the parties definitely understood that the entire agreement was embodied within the four corners of the written instrument. The contract is full and complete on its face and contains no warranty as to the capacity of the machinery. Furthermore, in positive terms it is recited that the written contract is the sole repository of the agreement. Parol evidence is inadmissible to alter, vary, contradict, or modify the terms of an unambiguous written contract. Seitz v. Brewers' Refrigerating Company, 141 U.S. 510, 12 S. Ct. 46, 35 L.Ed. 837; Leverette v. New London Ship & Engine Company, 5 Cir., 24 F.2d 524; Cassara v. Bowman, Fla., 186 So. 514.

■ There was no failure of consideration and no fraud practiced on the Miami Company. The buyer entered into the agreement with a full understanding of its conditions and terms. It accepted the equipment, used it for a long time, and paid a major portion of the purchase price in numerous installments. It cannot now escape the conditions of its solemn agreement. Malsby v. Gamble, 61 Fla. 310, 327, 54 So. 766.

The judgment is affirmed.