## UPPER MISSISSIPPI TOWING CORPORATION v. CALMES et al.

### No. 11876.

Circuit Court of Appeals, Fifth Circuit.
June 4, 1947.

Walter Carroll and Benjamin W. Yancey, both of New Orleans, La., and Harold G. Cant, of Minneapolis, Minn., for appellant.

Nicholas Callan, M. A. Grace and Edwin H. Grace, all of New Orleans, La., for appellees.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

Alleging for a first cause of action that defendants had sold it a Diesel engine and equipment for installation in plaintiff's new tow boat Minnesota Husky, which had failed to perform as agreed, and for a second cause of action that defendants had undertaken, but had failed, to remedy the conditions which their breach of contract had caused, causing plaintiff additional damages, plaintiff sued for large sums as consequential damages.[1] As finally admitted, supplemented and amplified, the complaint alleged that, while the parties had gone into writing [2] in connection with the purchase of the engine, this writing was not the whole contract, but that the defendants had additionally and independently made oral warranties as to the performance of the engine and orally agreed "to furnish all proper and necessary calculations, information, and instruments for the proper installation and application of the engine, shafting, and propeller"; and that these agreements had been breached and defendants had become liable for the damages their breach had caused.

The gist of the second cause of action,

---

[1] The damages claimed were $519,430.43 on the first cause of action and $49,553.22 on the second.

[2] The written contract, a document of nine printed pages, was attached to the complaint. It contained among other clauses one providing: Seller "hereby proposes to furnish One L-8-DR engine with following equipment: the following specified and described articles of machinery and equipment for the price and upon terms, conditions and agreements hereinafter stated". There followed a lengthy detail of the things to be furnished and a provision that the machinery shall be transported and installed on the foundation and connected at the purchaser's expense, the purchaser to furnish all labor, supplies and facilities, the seller agreeing, however, upon request of the purchaser to furnish an experienced mechanic to direct, for the purchaser, the installation, erection and starting of the machinery, for which the purchaser will pay the regular hourly rates, $2.10 per hour with one and one-half time for Sunday and holidays.

There was a Material and Workmanship guarantee as follows: "The Company guarantees such of said articles of machinery and equipment as are manufactured by it to be and remain free from defects in material and workmanship for the period of one year from date of shipment thereof, and agrees to replace, free of charge * * * any part or parts thereof which fail through defect in material or workmanship within said year".

Then follows this clause: "There shall be no liability on the part of the Company to the Purchaser because of defects claimed, either for delay, loss of profits, expense or any consequential damages; the Company's liability as to defective parts being limited solely to the replacement or repair of defective parts to the extent herein provided. Auxiliary equipment or attachments to engines included in this contract, which are not manufactured by the Company, shall be subject only to the guarantees provided by the manufacturer of such equipment."

Finally the contract closes thus:

"This proposal states the entire contract under which the Company proposes to furnish the articles of machinery and equipment specified and described herein.

"It is agreed that there are no verbal understandings whatever, and no guarantees of warranties, express or implied, respecting said articles not stated herein, and that the liability of the Company for loss or damage from any failure of said articles is limited to the replacement of parts manufactured by it found to be defective as to material or workmanship within the time and in the manner as provided herein."

when all pleading had come to an end, was that some time after the original installation of the engine, the defendants, in an effort to correct the original faulty and improper installation and application, agreed to change the propeller shaft, the intermediate shaft, and the propeller, and the Husky was delivered to them at New Orleans for that purpose; that the new installation was wholly useless and valueless in the operation of the vessel, and plaintiff suffered damages in the sum of $5,695 for repairs and replacements and $43,857.45 loss from lay up time.

The district judge agreeing with defendants that the suit was one in effect seeking by parol to add to, vary, and contradict the terms of a complete and integrated written contract, dismissed it.

Appellant is here insisting that this is to misapprehend his suit; that his first cause of action is a suit on an independent oral contract; that the terms of the written contract make it clear that the matters the oral contract deals with were not intended to be, and were not, dealt with in the writing, and, therefore, the writing cannot be conceived of as completely constituting the contract.

As to its second cause of action, it insists that this is and turns on an independent and separate oral agreement entered into long after the writing was made, and, therefore, it cannot be said to vary or contradict the writing.

Appellees, as to the first cause of action, insist that appellant is simply in the position of all those in the many cases dealing with efforts to avoid the parol evidence rule, who, finding that their written contracts do not contain provisions supporting their claims, undertake, under the guise of independent agreements, to import them by parol into completely integrated written contracts.

As to the second cause of action, appellees point out that it is quite plain from the complaint that this is no cause of action at all, that there was no consideration for the agreement on which this claim for damages is based, for all that is pleaded is what occurred in connection with and as a part of an effort on the part of the seller to carry out the obligations of the original agreement by substituting a new propeller for the one of which the purchaser complained.

■ We agree with appellees. So much has been written,—we, ourselves, have written so many times,[3] in cases where efforts were made, as here, to import oral agreements into a completely integrated written contract, that it would serve no useful purpose for us to write at length either as to the principle or as to its application to the facts as the complaint sets them out. It is sufficient to say that, in addition to the rule which makes the writing the sole repository of the parties' agreement and prevents resort to oral evidence, the precise and unambiguous stipulations of the written contract stand as a complete barrier to plaintiff's suit. These are (1) "There shall be no liability * * * either for delay, loss of profits, expenses, or any consequential damages"; (2) "This proposal states the entire contract"; (3) "It is agreed that there are no verbal understandings whatever, no guarantees or warranties, express or implied, respecting said articles not stated herein, and that the liability of the company for loss or damage for any failure of said articles is limited to the replacement of parts manufactured by it found to be defective as to material or workmanship within the time and in the manner as provided herein".

■ As to the second so-called contract, it is quite plain that the complaint set out no contract at all. It merely details the circumstances and conditions under which the sellers endeavored to satisfy the purchaser by replacing portions of the equipment with which it was dissatisfied.

The judgment was right. It is affirmed.

---

[3] Kessler & Co. v. Perilloux & Co., 5 Cir., 132 F. 903; Inner Shoe Tire Co. v. Treadway, 5 Cir., 286 F. 838; Leverette v. New London Ship & Engine Co., 5 Cir., 24 F.2d 524; The Nuska, D.C., 300 F. 231; South Florida Lumber Mills v. Breuchaud, 5 Cir., 51 F.2d 490; Miami Lime & Chemical Co. v. York Ice Machinery Corp., 5 Cir., 104 F.2d 312; Southwestern Packing Co. v. Cincinnati Butchers' Supply Co., 5 Cir., 139 F.2d 201; Kaplan v. American Cotton Oil Co., 5 Cir., 12 F.2d 969.