## BACHMAN v. CLYDE S. S. CO.

(Circuit Court of Appeals, Second Circuit. February 7, 1907.)

No. 146.

1. EVIDENCE—PAROL EVIDENCE—WRITTEN CONTRACT—VARIANCE.

Where a steamship ticket signed by the purchaser constituted a contract whereby he agreed that the carrier should not be liable for wearing apparel carried as baggage, beyond the amount of $100, unless freight was paid at the rate of 1 per cent. on the value over that sum, parol evidence of a conversation between the purchaser and the ticket agent at the carrier's office just before the ticket was purchased was inadmissible to vary the terms of the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1826–1828.]

2. CARRIERS—PASSENGERS—SPECIAL CONTRACTS—AUTHORITY OF AGENT.

Where a railroad company gave a hotel the privilege of checking baggage of guests from the hotel instead of at the railroad station, and for this purpose the hotel company intrusted such duty to the head porter, the latter had no authority to make any representation to a guest whose trunk he checked, which would change the carrier's limited liability for damage to the passenger's baggage, as provided in the passenger's contract ticket.

In Error to the Circuit Court of the United States for the Southern District of New York.

Writ of error by the plaintiff to review action of the Circuit Court for the Southern District of New York in directing a verdict in favor of plaintiff for $100.

J. A. Carley (John A. Straley, of counsel), for plaintiff in error.

Robinson, Biddle & Ward (Henry G. Ward and F. G. Munson, of counsel), for defendant in error.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

TOWNSEND, Circuit Judge. In 1903 plaintiff was a dressmaker doing business in New York, and her brother Peter Becker was employed by her in her business. Becker purchased from defendant a round-trip ticket between New York and Palm Beach for a passage by defendant's steamer to Jacksonville, and thence by the Florida East Coast Railroad to Palm Beach, Fla., which contained, inter alia, the following provisions:

"It is not transferable. * * * It is not good for passage unless the holder identifies himself as the original purchaser to the satisfaction of the authorized agent of the Florida East Coast Ry. at Palm Beach, Fla., on the day of departure returning. * * * It is mutually agreed that the carriers

in interest shall not be liable [under this contract] beyond their own line. * * * Passengers allowed to carry as baggage wearing apparel to the value of $100, and said carrier shall not be liable for other articles nor beyond that amount, unless freight at the rate of one per cent. on the value over $100 be paid. Baggage limited in weight to 150 lbs. for each passenger. *\ * * In consideration of the reduced rate at which this ticket was sold, I agree to the above contract, and also to use this ticket returning on or before the date punched on the margin, after which date this ticket will be void."

Becker through his agent signed said agreement, and he used the ticket for passage on the round trip. On his return trip he stopped at Ormond, a station on the line of said railroad, and from there he took two of the plaintiff's trunks with him. They contained dresses which the plaintiff had exposed for sale at the Ormond Hotel, and also her personal wearing apparel. When he reached New York by the defendant's steamship one of the trunks was wet, and when it was opened the dresses were wet and damaged. The plaintiff claimed damages to the amount of $3,560.

Error is assigned because of the refusal of the trial judge to permit the plaintiff to introduce testimony as to the conversation between the seller of the Becker ticket, at the office of the defendant, and the purchaser, just before he bought the ticket, and further to the refusal of the court to permit the plaintiff to testify as to her conversation with the porter of the hotel at Ormond at the time when she checked said trunks for New York.

This cause is distinguished from the cases such as The Minnetonka, (D. C.) 132 Fed. 52, The Majestic, 166 U. S. 375, 17 Sup. Ct. 597, 41 L. Ed. 1039, and The Kensington, 183 U. S. 263, 22 Sup. Ct. 102, 46 L. Ed. 190, where the question was as to the passenger's knowledge of a notice printed on the ticket and as to the effect of such notice upon the rights and obligations of the parties. Here there was a contract signed by the purchaser of the ticket, whereby he agreed that the carrier should not be liable for wearing apparel carried as baggage beyond the amount of $100 unless freight was paid at the rate of 1 per cent. on the value over $100. Boylan v. Hot Springs, 132 U. S. 146, 10 Sup. Ct. 50, 33 L. Ed. 290.

Even in the case of a mere notice, however—

"It is undoubtedly competent for carriers of passengers, by specific regulations, distinctly brought to the knowledge of the passenger, which are reasonable in their character and not inconsistent with any statute or their duties to the public, to protect themselves against liability, as insurers, for baggage exceeding a fixed amount in value, except upon additional compensation, proportioned to the risk." Railroad v. Fraloff, 100 U. S. 24–27, 25 L. Ed. 531.

And in such a contract, when signed—

"The limitation as to the value has no tendency to exempt from liability for negligence. It does not induce want of care. It exacts from the carrier the measure of care due to the value agreed on. The carrier is bound to respond in that value for negligence. The compensation for carriage is based on that value. The shipper is estopped from saying that the value is greater. The articles have no greater value, for the purposes of the contract of transportation, between the parties to that contract. The carrier must respond for negligence up to that value. It is just and reasonable that such a contract, fairly entered into and where there is no deceit practiced on the shipper, should be upheld." Hart v Pennsylvania Railroad Co., 112 U. S. 331–340, 5 Sup. Ct. 151, 28 L. Ed. 717.

The Kensington, supra.

We are of the opinion that there was no error in the refusal of the court to permit the plaintiff to offer testimony as to conversations with the ticket seller at New York or with the hotel porter who checked the baggage at Ormond. If any prior representations were made by the said ticket seller tending to vary or contradict the ordinary passenger's contract they were merged in the contract signed by plaintiff's agent. And there is nothing in the evidence which indicates that said hotel porter proposed to make any agreement inconsistent with said written contract, or which shows that he would have had any authority to waive the specific agreement as to limitation of liability. In fact it appears from the testimony of the porter himself that his sole authority in the matter was under an agreement between the Florida East Coast Railroad and the Ormond Hotel, whereby the railroad company "gave the hotel the privilege of checking baggage of the guests from the hotel instead of at the railroad station" and that he as head porter had charge of such checks.

It is, therefore, immaterial what conversations may have occurred between the plaintiff and said porter when she delivered said trunks to him, because in no event was he authorized to make representations or agreements which would be binding on any one except his principal, the railroad company, whose line extended between Ormond and Jacksonville. The complaint alleges that plaintiff delivered the property in question to the defendant at Jacksonville, and that it, for a valuable consideration, agreed to carry said property to New York, and that the damages resulted from the negligence of the defendant. Furthermore by the agreement on the ticket signed by plaintiff's agent, "It is mutually agreed that the carrier in interest shall not be liable [under this contract] beyond their own line." Myrick v. Michigan Central R. R. Co., 107 U. S. 102, 1 Sup. Ct. 425, 27 L. Ed. 325.

In view of this conclusion, it is unnecessary to consider or discuss any of the other questions raised.

The judgment is affirmed.