DELAWARE, L. & W. RY. CO. v. TUOVINEN.

(Circuit Court of Appeals, Second Circuit. March 13, 1917.)

No. 194.

1. APPEAL AND ERROR ⬤⟹1001(2)—REVIEW—EVIDENCE—SUFFICIENCY.
    The credibility of evidence is for the jury, and where plaintiff's testimony as to an accident was not impossible, the Appellate Court cannot set aside a verdict based on his version, because it would have reached another conclusion.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3922.]

2. MASTER AND SERVANT ⬤⟹276(10)—SCOPE OF SERVANT'S EMPLOYMENT—EVIDENCE.
    In an action by plaintiff, run over by a train, who claimed that he was injured when a man on the train struck him with a lump of coal, testimony that plaintiff had seen the same man giving signals to the engineer warrants a finding that such person was a railroad employé, and acting within the scope of his employment when he struck plaintiff.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 952, 959.]

3. TRIAL ⬤⟹194(1)—PROVINCE OF COURT AND JURY.
    Plaintiff, whose legs were crushed by a train, contended that one of the operatives of the train struck him with a piece of coal and that he fell from the train, lighting on his left shoulder, whereupon the train

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

passed over him. There was no evidence that plaintiff was treated for any injuries, but to his legs. *Held*, that the action of the court in denying a requested charge that, if the jury should find the effects on plaintiff's body of the fall were contrary to well-known physical laws, they must find that the testimony in such regard is incredible, and render verdict for defendant, was not error; the court expressly leaving all questions of fact and inferences to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439, 440, 450.]

In Error to the District Court of the United States for the Eastern District of New York.

Action by Oscar Tuovinen against the Delaware, Lackawanna & Western Railroad Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

A. J. McMahon, of New York City, for plaintiff in error.

Almy, Van Gordon, Evans & Kelly, of New York City, for defendant in error.

Before COXE, WARD, and HOUGH, Circuit Judges.

WARD, Circuit Judge. March 24, 1915, about 2:15 p. m., the plaintiff, Oscar Tuovinen, a Finn of 24 years of age, a carpenter by trade, was found sitting on the tracks of the Delaware, Lackawanna & Western Railroad near Scranton, Pa., a few minutes after defendant's train 1161, bound to Scranton, had passed, with both legs so badly crushed above the ankles that his feet had subsequently to be amputated. It is quite evident that he must have been injured while trying to board the train, or in getting off it, or in falling from it.

[1] His story is that, having been unable to get employment he had boarded one of the defendant's freight trains leaving Nicholson, Pa., with the intention of stealing a ride to New York. At first he stayed between two of the box cars on the bumpers; but, when the train was nearing Scranton, he got up on top of one of them. There a man wearing overalls and a cap, whom he had seen at Nicholson giving train signals to the engineer and waving a red flag, appeared on the car behind him, called out something, and then threw a lump of coal, which hit him in the back of the head. This stunned him, and he staggered and fell down between the cars. and from the bumpers onto the track, landing on his left shoulder. The train passed over his legs. There are many improbabilities in this story, which it is unnecessary to state; the most important being the entire absence of any evidence of such cuts, bruises, or broken bones as would naturally be expected if he had fallen from a train, even going slowly. The hospital surgeons testified that they had not treated him for anything, but the injury to his ankles. But all these objections were made to the jury, and they as triers of fact have found in favor of the plaintiff. We can consider only questions of law, and have nothing to do with the weight of evidence. We are not at liberty to substitute our opinion for that of the jury. If there were no evidence whatever to support the verdict, as was found by the court in Johnson v. Railroad Co., 173 N. Y. 79, 65 N. E. 946, we could reverse the judgment; but there was evidence which the jury chose to believe, and it makes no difference whether we would have believed it or not.

For the above reason the cited decisions of the New York Appel-

late Division, which has a right to reverse on facts, are not applicable; but the defendant seeks to bring the case within the decision of the Court of Appeals in Hunter v. N. Y., Ontario & Western R. R. Co., 116 N. Y. 615, 23 N. E. 9, 6 L. R. A. 246. Although the jurisdiction of that court is limited, like our own, to the review of questions of law only, it took judicial notice of the fact that there is no authentic record of a man 9 feet high, and reversed the judgment in favor of the plaintiff because the injuries he sustained could not have happened in the way he testified, unless he had been of that height. In this case, however, the accident could have happened, allowing for errors of the plaintiff in estimating the speed of the train, and allowing for insufficient observation of the witnesses as to other injuries than those to his legs.

[2] We think that the plaintiff's testimony, if believed, sufficiently establishes the proposition that the man who assaulted him was a servant of the company employed on the train, and that the jury had a right to conclude that he was acting within the scope of his employment. Chesapeake & Ohio Ry. Co. v. Stojanowski, 198 Fed. 77, 117 C. C. A. 185.

[3] The defendant asked the court to charge the jury:

"I ask your honor to charge that, if the jury find that the effects on the plaintiff's body of the fall from the top of the car to ground are contrary to well-known physical laws, they must find that the testimony in this regard is incredible, and render a verdict for the defendant.

"The Court: I have left the questions of fact to the jury; what the inferences and the probabilities to be drawn are I leave to the jury."

We cannot say that this answer was erroneous.
The judgment is affirmed.