822

## THE MAJESTIC.

District Court, S. D. New York. December 6, 1928.

Julian Hartridge, of New York City (John G. Poore, of New York City, of counsel), for libelants.

Burlingham, Veeder, Masten & Fearey, of New York City (Roy H. Caldwell, of New York City, of counsel), for claimant.

. THACHER, District Judge. These are two suits, by husband and wife, for damages resulting from illness contracted by the wife while traveling with her husband from Cherbourg to New York as a first-class passenger on the steamship Majestic. Owing to a defective stateroom ventilator, Mrs. Simms was exposed during the voyage to cold blasts of air alleged to have caused the illness from which she has suffered.

The ticket upon which the libelants traveled contained the following clause: "No claim under this contract shall be enforcible against the shipowner or its property * * * unless notice thereof in writing, with full particulars of the claim, be delivered to the shipowner or agent within fifteen (15) days after the passenger shall be landed from the transatlantic ocean vessel at the termination of her voyage, or in case of the voyage being abandoned or broken up within fifteen (15) days thereafter."

Under the decisions in this circuit, it was not necessary for the respondent to plead failure to give notice of claim, and the burden was upon the libelants to prove compliance with this clause. Cudahy Packing Co. v. Munson S. S. Line, 22 F.(2d) 898 (C. C. A. 2d). Amendment of the answers was therefore unnecessary to present the defense. But it is said the clause is invalid because the time was too short to give the required notice. Neither the accident nor the resulting injury made the giving of notice within the time allowed impracticable. See Gooch v. Oregon Short Line R. R. Co., 258 U. S. 22, 25, 42 S. Ct. 192, 66 L. Ed. 443. Nor can I accept the contention that the requirement of full particulars in writing rendered compliance impossible because the extent of the injuries were unknown. The purpose of notice was to afford opportunity for investigation of the circumstances under which injury was sustained. A statement of these circumstances and of the general nature of the injury so far as known was all that was required. The notice of claim could easily have been prepared and delivered before leaving the ship, and certainly within 15 days thereafter. But even if the time allowed was too short, all the libelants can rightly claim is that. the period be so far expanded as to sustain the validity of a notice actually given within a reasonable time. This, I think, is clearly the effect of the decision in W. R. Grace & Co. v. Panama R. R. Co., 12 F.(2d) 338 (C. C. A. 2d), supplemented by the later decision of the same court in Cudahy Packing Co. v. Munson S. S. Line, supra.

As no notice of any kind was given prior to commencement of these suits, there can be no recovery, and the libels must be dismissed, with costs.