#### THE FINLAND.

#### EVELYN v. INTERNATIONAL MERCAN-TILE MARINE CO. et al.

District Court, E. D. New York. May 7, 1929.

No. 8230.

Foley & Martin, of New York City, for libelant.

Burlingham, Veeder, Masten & Fearey, of New York City, for respondent.

CAMPBELL, District Judge. Some days prior to May 23, 1925, Linda Evelyn, the mother of Euphemia Evelyn, who is suing by her guardian ad litem as libelant herein, purchased at San Francisco, Cal., tickets for herself and her daughter, the said Euphemia, for passage on the steamship Finland, and on May 23, 1925, the said Euphemia Evelyn, with her said mother and other members of her family, sailed as a third-class passenger on board the steamship Finland, from San Francisco for New York City via Panama Canal.

On June 3, 1925, the steamship Finland sailed from Balboa, and the hatch covers, which had been removed on landing at Balboa, were replaced.

Passing through the Canal, 30 or 40 passengers were running back and forth across the hatch on the well deck, between 11 a. m. and the time of the accident.

The hatch was about 15 inches off the deck, and, during the afternoon of June 3, 1925, between 4 and 5 o'clock, the said Euphemia Evelyn attempted to cross the hatch, and in so doing she was precipitated, with a portion of the hatch covers, into the hold below, and received injuries.

There is some dispute as to the extent of

48

the injuries received by the said Euphemia Evelyn, but I am convinced, both by her appearance and testimony on the stand, and her progress in school and the testimony of the physician called in her behalf, that, while the injuries received by her caused her great pain and suffering for a short time, they did not long continue in severity, nor have they interfered with her studies or advancement, as she failed of promotion in school only at the end of the first term, when her surroundings were new and unfamiliar, and has been regularly promoted ever since, and that there are no permanent injuries.

The ticket on which the said Euphemia Evelyn was traveling contained the following provision:

"10. No claim under this ticket shall be enforceable against the Shipowner or his property or the agent or Passage Broker, unless notice thereof in writing with full particulars of the claim be delivered to the Shipowner or Agent within thirty days after the passenger shall be landed from the steamer at the termination of her voyage. * * *"

Euphemia Evelyn knew of her injuries before she left the ship, as did also her mother.

No evidence was offered by the libelant to show compliance with the provision requiring the giving of notice, nor were any reasons shown why, by reason of her physical or mental condition, such notice could not have been given, and the burden of proving compliance with the notice of claim clause rested on the libelant. Simms v. S. S. Majestic (D. C.) 30 F.(2d) 822, 1929 A. M. C. 152.

The necessity of requiring notice has been fully established, and the 30 days in which notice was required to be given is not too unreasonably short a period, and the clause is valid. Gooch v. Oregon Short Line R. R. Co., 258 U. S. 22, 42 S. Ct. 192, 66 L. Ed. 443; Cudahy Packing Co. v. Munson S. S. Line (C. C. A.) 22 F.(2d) 898; W. R. Grace & Co. v. Panama R. Co. (C. C. A.) 12 F. (2d) 338; Rady v. Netherlands-American Steam Navigation Co., 1929 A. M. C. 95;[1] and Id. (C. C. A.) 28 F.(2d) 1017, 1929 A. M. C. 96; Murray v. Cunard Steamship Co., 235 N. Y. 162, 139 N. E. 226, 26 A. L. R. 1371; Simms v. S. S. Majestic, supra.

As I understand libelant's position, it is that the reasonableness of the time within which notice must be given as required by the ticket is not denied.

Even if the period provided in which no-

tice must be given was too short, libelant might have only the period so far extended as to sustain the validity of a notice actually given within a reasonable time. Simms v. S. S. Majestic, supra; W. R. Grace & Co. v. Panama R. Co. (General Gorgas) (C. C. A.) 12 F.(2d) 338, 1926 A. M. C. 823; Cudahy Packing Co. v. Munson S. S. Line (Lake Orange) (C. C. A.) 22 F.(2d) 898, 1928 A. M. C. 186.

No reason was shown for extending the time within which notice was required to be given, and from the evidence it appears that the steamship Finland arrived in New York on June 10, 1925, and there was no evidence received to show that the first notice received by the respondent was earlier than the filing of the libel, and the libel was filed on August 13, 1925, which was far beyond a reasonable time. Simms v. S. S. Majestic, supra.

The notice required was not given in the time provided, and it would appear that libelant cannot succeed, but Euphemia Evelyn was at the time of the purchase of the ticket, the time of receiving the injuries in question, and still is, a minor, and for that reason libelant contends that the contract was that of the mother and not the infant, and relies principally upon Chicago, R. I. & P. Ry. Co. v. Lee (C. C. A.) 92 F. 318, 321.

That case does not seem to me to sustain the libelant's contention, for the reason that what the carrier was attempting in that case was to obtain exoneration from liability for its negligence on a contract made with the father and not with the infant, and the court in that case does say: "The stipulation in the contract that the person who receives free transportation under it agrees to assume all risk of personal injury from any cause whatever, except from injuries arising from the gross carelessness of the railroad company, is entitled to no consideration, because the defendant in error was a minor, and because this stipulation was not his contract, but the agreement of his father, A. D. Lee."

The said notice clause on the ticket in question in the instant suit has to do with regulation and not with exoneration, and, as Cardozo, J., said in Murray v. Cunard Steamship Co., 235 N. Y. 162, at page 165, 139 N. E. 226, 228, 26 A. L. R. 1371: "Exoneration, however, is not to be confused with regulation. 'A stipulation for written notice within a reasonable time stands on a different footing, and of this there is no doubt.' Gooch v. Oregon Short Line Ry. Co., 258 U. S. 22, 42 S. Ct. 192, 66 L. Ed. 443."

It is true that this suit is brought to re-

[1] Oral opinion.

cover for an alleged tort, but the libel contains an allegation that Euphemia Evelyn was a passenger, and thereby claims, under the contract of carriage, greater right to protection, even though there might be a right to compensation for injuries where there is no contract for carriage. Southern Pacific Co. v. Schuyler, 227 U. S. 601, 33 S. Ct. 277, 57 L. Ed. 662, 43 L. R. A. (N. S.) 901; Smith v. Atchison, T. & S. F. Ry. Co. (C. C. A.) 194 F. 79.

Libelant claims that the ticket is a contract for carriage, Murray v. Cunard Steamship Co., supra, and, if this be so, then, under the rule laid down in that case, the limiting of the time in which notice of claim must be given is a regulation which the respondent may enforce even though libelant be an infant.

In O'Laughlin v. Union Central Life Ins. Co. (C. C.) 11 F. 280, an action on an insurance policy which contained a provision that suit thereon must be brought within one year, and the beneficiaries were minors, the court said, at page 282: "It is said that because the beneficiaries here are minors that therefore the condition cannot be enforced. I have been unable to find any authority in support of that proposition, and it seems the counsel has not instanced any. A guardian can bring the suit, and is bound to bring it under the contract and according to the contract. It is not a suit that cannot be brought. It is not a suit that the parties, by reason of their disability, cannot bring; but it is a suit which the guardian can bring, and is bound to bring, I think, in accordance with the terms of the contract."

In Pacific S. S. Co. v. Sutton (Admiral Evans) (C. C. A.) 7 F.(2d) 579, 1925 A. M. C. 1335, cited by libelant, where a minor passenger sued for damages suffered from an assault by employees of the ship, the court did not suggest that the limitation of time in the contract of carriage within which notice was to be given of claim, was not enforceable because the passenger was a minor, but did hold that, under the peculiar facts in that case, it should not be enforced.

In Rady v. Netherlands-American Steam Navigation Co., supra, the United States District Court in the Southern District of New York decided, in a suit brought by a guardian ad litem for an infant, that a provision in a passenger contract that suit must be begun within 90 days of termination or abandonment of a transatlantic voyage, is reasonable and valid, and that the burden of proving compliance is on the passenger.

This decision was affirmed per curiam by the Circuit Court of Appeals of this Circuit, 28 F.(2d) 1017, 1929 A. M. C. 96.

Many other questions were presented, but, as the failure to comply with the notice provision is fatal to libelant's case, they need not be considered.

The fact that Euphemia Evelyn was a minor does not relieve her from compliance with the notice clause of the ticket on which she traveled.

A decree may be entered dismissing the libel, with costs.