## SILVERMAN v. BERMUDA & WEST INDIES S. S. CO., Limited.

### No. I.

Circuit Court of Appeals, Second Circuit.
Jan. 7, 1935.

Emanuel Halpern, of New York City (Silas B. Axtell and Adele I. Springer, both of New York City, of counsel), for appellant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Raymond Parmer and Vernon S. Jones, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

The plaintiff was a waitress, returning from Bermuda as a second class passenger on one of the defendant's steamers. Early on the morning of the second day out she was unable to sleep from sea-sickness and left her cabin to go on deck. Seeing a member of the crew in uniform—just what kind of a uniform she did not say—she inquired of him where she might go and was directed to a deck reserved for first-class passengers. She sat in a steamer chair not her own from that time until about noon when she was injured. The weather was by no means severe, though there was some sea, which, as the event proved, was capable of heavily rolling the ship. Shortly before her accident, a boy of about eighteen, a member of the ship's company, came on the deck where she sat—she having by that time been joined by a number of first-class passengers whose chairs were beside hers—and made fast all the chairs to what she described as a "girder" which ran behind them. What the "girder" was is not clear, but a jury might understand that it was a piece of metal, running fore and aft some inches above the level of the deck, and fitted to receive a small line which should hold the chairs in position against the ship's rolls. After this had been done and while she was still in the chair, the ship took a sudden lurch and she with her companions were set sliding towards the rail. The line presumably had not held, for the several chairs slid together. Hers fetched up upon an iron strip, probably the inboard edge of the scupper, and her momentum—she was a heavy woman—threw her out, so that she landed

on her buttocks and suffered an injury to her coccyx: This was her story.

The defences are two; that she had no privilege to invade those parts of the ship reserved for first-class passengers; and that the weather on her own statement was so mild that the ship was not chargeable with notice that the chairs would slide unless properly lashed. At the close of the plaintiff's evidence the defendant moved for a compulsory non-suit which the judge granted, and the case is here upon the plaintiff's appeal. The complaint also contained a second cause of action for neglect of the plaintiff after she had been injured, but it was based on the most tenuous and insubstantial testimony which at worst showed no more than some inconsiderateness in her care for the first few hours after she was hurt; no honest jury could have thought that it aggravated her injuries and the judge was right to dismiss it. As to it the judgment is affirmed.

Although the testimony in support of the first cause of action is by no means impressive, and the verdict upon a new trial may well be for the defendant, it does not seem to a majority of us that the non-suit should stand. The first question concerns the plaintiff's presence on a deck reserved for first-class passengers and its effect upon her rights. She was told to go there by an officer, about whom all she could say is that he wore a uniform; indeed she did not even say whether it was a sailor's uniform or an officer's. Since however she spoke of him as an officer and since he undertook to direct her where to go, we must assume that he was not a common sailor. If so, the uniform was enough to justify her reliance upon what he said. Chesapeake & Ohio R. Co. v. Stojanowski, 198 F. 77 (C. C. A. 2); Delaware, L. & W. R. Co. v. Tuovinen, 240 F. 678 (C. C. A. 2). That is enough on the present record, for the question is not raised whether, had she received no such direction and wrongfully gone to the first-class deck, she would have had no cause of action; but as the case must be tried again, we ought to pass upon that question too. It is indeed settled, and of course it is plain, that the presence of a passenger where he should not be is no excuse for using violence against him. New Jersey Steam-Boat Co. v. Brockett, 121 U. S. 637,

643, 7 S. Ct. 1039, 30 L. Ed. 1049. He may in a sense be a trespasser, but he is still a passenger; the violation of his contract does not put an end to the duties which the carrier owes him as such, duties positive as well as negative. Of course he is entitled to nothing that pertains only to the class into which he has wrongfully intruded, but the duties owed to all passengers, arising from the contract of carriage alone, do not disappear. The carrier must protect his safety as much as though he was in his proper class, even though he masquerades, as this plaintiff probably was doing, as a passenger of another class. Strictly, therefore, it was irrelevant to recovery whether the plaintiff had gone where she should not, provided her presence was known to the defendant and it neglected reasonably to protect her from injuries which she might suffer where she was. Protection is due to all passengers.

On the main issue it appears to us that the plaintiff made out a cause of action, if the jury believed her story. It is true that her account of the weather, taken alone, would not have been enough to charge the ship, which was not bound to fend against every possible lurch when the seas were only a little agitated. And even though the weather did get much rougher later in the day, she can complain only of what it was when she was hurt. But the trouble with this defence is that the chairs had in fact already been made fast and this, as it seems to us, was at least some evidence that those in charge supposed the time to have come to secure them. The boy—a member of the crew—would not have undertaken to lash them without orders, and such orders presumably came from a responsible source; at any rate so a jury might find. It might also accept the standard of care so recognized by the ship as reasonably necessary, and thus hold the defendant by its own implied admission. Obviously if lashed at all, the chairs should have been well lashed.

Judgment on the first cause of action reversed; new trial ordered.

Judgment on second cause of action affirmed.

CHASE, Circuit Judge, dissents, without opinion.