## SILVERMAN v. BERMUDA & WEST IND-IES S. S. CO., Limited, et al.

District Court, S. D. New York.

Aug. 13, 1935.

Emanuel Halpern, Silas B. Axtell, and J. G. Schneier, all of New York City, for plaintiff.

Kirlin, Campbell, Hickox, Keating & McGrann, and Raymond Parmer, all of New York City, for defendants.

RIPPEY, District Judge.

This action was brought by plaintiff to recover damages for personal injuries alleged to have been sustained by her when she was thrown from a deck chair in which she was sitting while she was a passenger on the Steamship Fort Victoria, owned and operated by the defendants. The alleged accident happened on or about January 6, 1929. This case was tried before me in April, 1935. The action had been previously tried, and the

complaint was dismissed at the close of the plaintiff's case. On appeal, the Circuit Court of Appeals reversed the decision of the trial judge and held that there was evidence sufficient to warrant the submission of the case to a jury. 74 F.(2d) 683.

At the close of the second trial, the defendant moved to dismiss the complaint and for a direction of the verdict for the defendant, on the ground (1) that the action was not brought within 60 days after the giving of the notice, as provided for in the ticket, or within a reasonable time thereafter, and (2) generally on the grounds that the plaintiff had failed to establish the cause of action set up in the complaint or any cause of action for negligence against the defendant. These motions were denied, and specific questions were submitted to the jury, as follows:

(1) Was the ticket, Exhibit D, issued to plaintiff for her passage from Bermuda to New York City on the Steamship Fort Victoria, for the trip commencing January 5, 1929?

(2) Did this plaintiff knowingly sign the ticket, Exhibit D?

(3) Was the defendant negligent?

(4) If your answer to question No. 3 is in the affirmative, was such negligence the proximate cause of the injuries complained of?

(5) Was the plaintiff free from any negligence contributing in any respect to her injuries?

(6) Was the accident due to causes which the defendant could not anticipate or causes beyond its control?

(7) Did the injuries to plaintiff arise out of risks, dangers, and hazards which were obvious and well known to plaintiff?

(8) We find a verdict for ———.

█ The court charged the jury, in substance, that, in the event they should answer either of questions 1 or 2 in the affirmative, it would be unnecessary for the jury to further consider the case on the subject of negligence, and they should find a verdict for the defendant. No exception was taken by the plaintiff to this or any other portion of the charge. The jury answered the first two questions in the affirmative, and in No. 8 they found for the defendant. The plaintiff thereupon moved for a new trial on the ground

that the verdict was contrary to law and the weight of the evidence and "upon the further ground that it is contrary to the rules and statutes and laws of the United States of America, and upon the further ground that the directions of the court to the jury concerning the signing of the ticket were beyond the scope, and improper in law." The motion for a new trial and to set aside the verdict was denied. Plaintiff has moved for a rehearing of that motion. The motion in so far as it involves a question of the weight of evidence will be denied. The question arose on the trial as to whether or not a specific ticket known as Exhibit D was the contract under which the plaintiff was transported by defendant from Bermuda to New York. Plaintiff had sought to establish that she was employed by an employment agency in New York on a contract (Exhibit 5) which she signed for work at the Hotel Hamilton at Bermuda, was given a card (Exhibit 4) by the employment agency which she presented to the steamship officials at New York for passage, and that she saw no ticket, paid no fare, and had signed no ticket or other paper except the contract for the position. She put the whole ticket matter in issue on her direct examination at the very outset of the trial. On cross-examination, she was shown Exhibit D, and denied that the signature at the end was her signature, but identified genuine specimens of her handwriting which were later used for purposes of comparison. Defendant's version was that the card (Exhibit 4) contained instructions to the holder to present it to the steamship officials and that the holder must procure and sign a ticket before passage; that the card was presented and plaintiff signed the ticket, Exhibit D, which was a ticket for a round trip from New York to Bermuda and return; that the ticket was then taken up and a card for passage issued; that the ticket was taken on ship to Bermuda; that it was left there with the steamship officials, and, when the holder presented herself for the return trip, she was identified and a card was issued upon which a stateroom was assigned. At the close of the trial defendant offered the ticket, Exhibit D, in evidence. Plaintiff objected to its admission on the ground that defendant had waived its defenses Nos. 4, 5, and 6, as set up in the answer (infra) to the effect that

the action had not been begun within 60 days after notice of the accident or injuries to plaintiff had been served upon the defendant. The ticket itself was admitted in evidence, but decision was reserved on the question as to whether or not defendant, on the previous trial, had waived those defenses. That is the only question that will be considered on this motion for a rehearing. So far as the motion is based upon the point that the verdict of the jury in answer to questions 1 and 2 was contrary to and against the weight of evidence, the denial of the motion at the end of the trial must stand. The verdict of the jury to the effect that the ticket, Exhibit D, was the ticket upon which the plaintiff traveled and that she knew that she was executing a contract of passage at the time she signed it, is not contrary to or against the weight of the evidence in the case.

The ticket, Exhibit D, contained upon its face the following provision:

"8. The vessel, ship owner, master, or agent will not be liable for any claim of the passenger of any nature or kind whatsoever unless notice thereof in writing with full particulars of the claim shall be given to the ship owner or agent within three days after the passenger shall be landed from the steamer, or, in case the voyage is abandoned or broken up, within 7 days thereafter. Suit to recover on such claim shall not be maintained in any event unless commenced within two months after the giving of written notice as above provided. No agent or employee shall have authority to waive any of the provisions or requirements of this ticket. Any action by the ship owner or its agents or attorneys in considering or dealing with claims where the provisions of this ticket have not been complied with shall not be considered a waiver of such requirements and they shall not be considered as waived except by an express waiver."

The third separate and distinct defense set out that, "no notice in writing was given to the shipowner as required by the aforementioned provision No. 8 of the said ticket and by reason of its terms, the plaintiff is barred from maintaining this action."

The fourth separate defense provided that "no notice in writing was given to the shipowner as required by the afore-mentioned provision No. 8 of the said ticket and no suit was commenced by the plaintiff within the time limited in the said provision. By reason of these facts the plaintiff is barred from maintaining this action."

The fifth separate defense provided that "no notice in writing was given to the shipowner within a reasonable time after the termination of the voyage and by reason of these facts the plaintiff is barred from maintaining this action."

The sixth separate defense provides that "no notice in writing was given to the shipowner within a reasonable time after the termination of the voyage nor was any suit commenced by the plaintiff within a reasonable time after the termination of the voyage and by reason of these facts plaintiff is barred from maintaining this action."

It is a conceded fact that no notice in writing whatever was served upon the defendant, as required by provision 8 on the ticket, giving full particulars of the claim. This was required by that provision to be given within 3 days after the disembarkation of the passenger at the termination of the voyage. As a matter of fact, the action was not commenced until more than 2 years after the accident. The court charged the jury that provision 8 of the contract, if it was the contract, was a valid limitation of time within which to commence the action, and that such limitation in a contract for passage was valid and must be enforced, if reasonable; that conditions of this kind are presumed to be assented to by the passenger if passage is accepted, and that the fact that the plaintiff did not read the ticket or did not know the conditions therein contained was of no consequence, if the jury found that her story was true that she did not know the conditions, because she was bound to know the conditions contained in the ticket, whether she read the ticket or not, if she accepted passage on the strength of the ticket; that her signature was not decisive as to her consent, but, if she took advantage of the ticket to secure passage on the ship, and if she had opportunity to read the instrument and to know what it contained, if she had been interested enough to · look at it and find out, then she would be bound by its terms. As before indicat-

ed, the question of whether or not the ticket was the contract of carriage was submitted to the jury as a question of fact. The law is unquestionably settled in accordance with the instructions of the court.

Clauses on the face and in the body of a steamship ticket barring recovery in the event that suit should not be brought within six months after the end of the voyage are reasonable and valid [The Majestic (D. C.) 30 F.(2d) 822; Hessler v. North German Lloyd (C. C. A.) 55 F.(2d) 927; Rady v. Netherlands American Steam Navigation Co. (C. C. A.) 28 F.(2d) 1017; Martin v. Royal Mail Steam Packet Co. (C. C. A.) 65 F.(2d) 1019], and it makes no difference whether the passenger read the ticket contract or not, if opportunity was presented to read it without interference by the carrier [Boylan v. Hot Springs R. Co., 132 U. S. 146, 10 S. Ct. 50, 33 L. Ed. 290; Murray v. Cunard Steamship Co., 235 N. Y. 162, 139 N. E. 226, 26 A. L. R. 1371; Pimpinello v. Swift & Co., 253 N. Y. 159, 170 N. E. 530]. The only exception to this rule is where the signer is illiterate or blind or ignorant of the alien language of the contract, and the contract is misread or misrepresented to him by the other party. Pimpinello v. Swift & Co., supra. This case embraces none of those exceptions. This rule applies even when the ticket is purchased by another for the use of the passenger [Kerr v. Cunard Steamship Co., 235 App. Div. 845, 257 N. Y. S. 911, affirmed Id., 260 N. Y. 618, 184 N. E. 117], and even where the passenger is an infant [Evelyn v. International Mercantile Marine Co. (D. C.) 35 F.(2d) 47]. There was no evidence in the case that the plaintiff was incapacitated, nor was any valid excuse given why action was not commenced within 60 days after the disembarkation or within a reasonable time thereafter, and the court so charged.

■ It follows that the clause on the face of the contract limiting the time within which to commence the action was valid and reasonable as a matter of law. It was only necessary to establish whether or not the ticket, Exhibit D, was the contract of carriage, and this question was submitted to the jury, upon a sharp conflict in the evidence, as a question of fact.

Plaintiff introduced testimony tending to show that the clause in question was covered up with a poster or receipt or with a government stamp. Counsel for plaintiff argued to the jury at length that these facts showed that plaintiff could not have known about the limitation clause. The verdict disposed of that question.

Plaintiff insists that the defendants waived their defense, by oral statements made by their counsel on the first trial, first, of the failure to give notice of the accident as required by the ticket, and, second, of the failure to commence the action within 60 days or within a reasonable time after the termination of the passage, and that such waiver was binding on the second trial of the action. The statements of defendants' counsel upon which plaintiff relies were made at the end of the first trial, before the case was submitted to the jury. They were offered in evidence by plaintiff's counsel, and, upon objection by defendant, they were excluded, and no exception to their exclusion appears in a transcript of the record submitted to me. The statements were marked for identification, and plaintiff's counsel read a portion of the statements to the jury, in which Mr. Parmer asserted that he withdrew the defense and that the tickets for those who worked at the hotel did not actually come into their possession and that they did not get a chance to read them. The statements marked for identification appear at pages 158 and 159 of the minutes of the first trial, and read as follows:

"Mr. Parmer: There is one matter, however, that I wish to speak of at this time. In our answer we have pleaded some formal answer on notice. I now find on further investigation of the matter that the defenses cannot be sustained and at this time I therefore move to withdraw the defenses. The reason I find I cannot sustain the defense is that the tickets for those who work in hotels in Bermuda do not actually come into their possession. They merely get on the boat but do not actually get a chance to read them. For that reason it is only fair to the defense to withdraw them, and

I therefore ask permission to withdraw them. * * *

"Mr. Parmer: I ask no corroboration. I ask to withdraw a defense. I merely come before you and honestly say I cannot make it out and the reason is the facts do not sustain it. It is not an ordinary ticket case. * * *

"Mr. Parmer: I do not wish to prove it and therefore I ask permission to withdraw the defense because I do not have the evidence to support that defense."

Outside of the general issue, the defense relied on at the last trial was the defense of failure to commence the action within the period specified in the contract. There was no defense advanced for failure to serve notice of the claim. It will be seen that all of the separate defenses referred to contain a statement that no notice was given as required by provision 8 of the contract. The fourth and sixth defenses also embody an assertion that no suit was commenced within the time limited by the contract or within a reasonable time after the termination of the voyage. These are separate and distinct defenses. A mere reading of the statements of counsel for the defendant at the first trial indicates that he referred exclusively to the defense of lack of notice and made no reference to the defense that the action was not commenced in time. If what he said constituted a waiver at all, it was a waiver only of the defense of lack of notice, and it becomes unnecessary to pass upon the question as to whether such a waiver of the defense of lack of notice became binding upon defendant on the second trial of the action, because that defense was not urged at the last trial.

As distinguished from waiver, plaintiff insists that the statement was admissible by way of an admission by the defendant that it had no defense on the ticket. Even though the alleged admission were not limited to the question of notice, the authorities hold to the contrary. People ex rel. Perkins v. Moss, 187 N. Y. 410, 428, 80 N. E. 383, 11 L. R. A. (N. S.) 528, 10 Ann. Cas. 309. Plaintiff could not cull out an isolated statement from the record of the first trial which might be favorable to her, and omit statements which were unfavorable or which tended to explain, modify, or limit the force of the selected statement. To decide whether the statement of defendants' counsel on the submission of the record constituted an admission, or even a waiver, depended upon the whole record on that trial and the circumstances under which the statement was made. It might well be that evidence was there lacking to maintain a defense, and that the statement was made solely with that situation in view. Whether or not it constituted either a waiver or admission would be a question necessitating an examination of the entire record of the former trial. Separate from that record, the isolated statement was meaningless and inadmissible. It is, of course, settled that a general admission admitted on the first trial is not limited to that trial, but remains binding upon the parties throughout the litigation. The rule is stated in Stemmler v. Mayor, etc., of New York, 179 N. Y. 473, at page 482, 72 N. E. 581, 584, in these words: "A stipulation made by the parties or their attorneys with respect to the facts in a case for the purpose of evidence is general, and not limited in respect of time or occasion, but stands in the case for all purposes until the litigation is ended, unless the court upon application shall relieve either or both of the parties from its operation."

The statement offered was inadmissible for the reason above indicated. It was inadmissible, even with the whole record, however, for another reason. The only part of the statement which might be claimed to be a statement of fact as distinguished from opinion of counsel or a conclusion of law (a question unnecessary to pass on here) reads as follows: " * .* * The tickets for those who work in hotels in Bermuda do not actually come into their possession. They merely get on the boat but do not actually get a chance to read them." This statement, even if a statement of fact and, as such, an admission, was not material or relevant to the issue. The question was: Did plaintiff knowingly sign the contract, Exhibit D? If she signed the contract, under the facts in this case, she was bound by its terms whether she read it or not. See Pimpinello v. Swift, supra. The court so charged. No exception was taken to the charge, and it became the law of the case.

Plaintiff also insists that defendant was barred from asserting that the limitation clause was a defense, because, hav-

ing once withdrawn it, it could be again asserted only in the event that the court should allow defendant to amend its answer and again plead it as a specific defense. It has been held in this circuit that the limitation clause in a contract such as that at bar lays down a condition precedent to the maintenance of the action, and, as such, plaintiff must establish that she complied with the condition. Cudahy Packing Co. v. Munson S. S. Line (C. C. A.) 22 F.(2d) 898. That being so, defendant was not required to specifically plead it as a defense. The Majestic, supra. Furthermore, the objection to the admission of the extract from the record of the former trial could not properly be sustained by the court on the ground that there was any defect in pleading. Defendant's counsel, in opening to the jury, stated that the defendant would rely upon the defense in question. Plaintiff made no objection to counsel stating its defense on the opening. There is no ·doubt in the mind of the court that plaintiff's counsel expected that this defense would be urged and prepared for it. The pleadings prepared by plaintiff's counsel and handed to the court included the defenses. At the very outset of the trial, plaintiff's counsel injected the issue in the case on the direct examination of plaintiff, as above indicated. On cross-examination of plaintiff, defendant's counsel brought out enough to again put plaintiff on notice that the limitation clause in the ticket would be used as a defense, but counsel again failed to raise any question of waiver. Up to the close of the trial, consisting of several days, no question of waiver was advanced by plaintiff. No suggestion was made, until made on this motion, that defendant could not take advantage of the defense without an amendment to the pleadings. Had such a suggestion been made at the trial, upon the above showing and application by defendant's counsel, the court would have allowed an amendment to the pleading. It is now too late for plaintiff to raise that technical question to enable her to upset a just verdict clearly sustained by the weight of the evidence in the case.

The motion to set aside the verdict and for a new trial must again be denied, and it is so ordered.